307 So.2d 375 (1974)
The AETNA CASUALTY AND SURETY COMPANY et al., Plaintiffs-Appellees,
v.
Isiah HENRY et al., Defendants-Appellants.
No. 10048.
Court of Appeal of Louisiana, First Circuit.
December 16, 1974.
Rehearing Denied February 10, 1975.
Richard Nevils, Baton Rouge, for defendants-appellants.
Eric Pittman, Hammond, for plaintiffsappellees.
Before SARTAIN, ELLIS and de la HOUSSAYE, JJ.
SARTAIN, Judge.
This is a subrogation suit for reimbursement of damages growing out of an automobile accident which occurred on February 12, 1972, at approximately 1:40 p.m. o'clock in the Parish of St. Helena on Louisiana Highway No. 43, approximately 3.6 miles north of Louisiana Highway 1045. The vehicles involved were a 1970 Chevrolet belonging to Isiah Henry and driven by Charles D. Henry, and a 1961 Chrysler belonging to the Department of Hospitals of the State of Louisiana and driven at the time by Edgar L. Morgan. Aetna Casualty and Surety Company is the collision carrier for the Department of *376 Hospitals. Dixie Auto Insurance Company is the liability insurer of the Henry vehicle. It was stipulated that in the event of liability Aetna is entitled to the sum of $2,085.00 and the Department of Hospitals is entitled to $50.00 as the deductible portion under the policy. The Chrysler vehicle was struck from the rear by the 1970 Chevrolet. The trial judge, without written or oral reasons assigned, rendered judgment in favor of the plaintiffs, from which judgment defendants have taken a suspensive appeal. We reverse.
Louisiana Highway No. 43 consists of two lanes and is constructed of asphalt. The accident occurred just beyond the crest of a hill where the said highway turned to the right. The stated speed limit is 60 mph.
Appellants contend that the trial judge erred in failing to hold that the accident was the result of the sole negligence of Edgar L. Morgan when he brought his vehicle to an abrupt stop just over the crest of the hill, and in the alternative, in failing to find that Morgan was not contributorily negligent. Appellants' principal argument is grounded on the provisions of R.S. 32:141. Appellants further contend that Morgan was negligent in endeavoring to make a turn on the highway near the "crest of a grade" in contravention of R.S. 32:102. Appellants further urge that if the alleged violations of these two statutes did not constitute the sole proximate cause of the accident, that nevertheless, such violations by Morgan were a contributing cause to the accident which would bar appellees' recovery.
Appellees contend that Mr. Morgan did not violate either of the two cited statutes and that the sole and proximate cause of the accident was the negligent manner in which Henry was operating his vehicle. Alternatively, appellees also contend that in the event the actions of Mr. Morgan constitute negligence, then and in that event Henry had the last clear chance to avoid the accident.
Mr. Morgan testified that shortly prior to the accident he was looking for one Deputy Carlton Bond of the St. Helena Sheriff's Office and was informed that Deputy Bond was "somewhere up the highway." He stated that he was proceeding in a northerly direction and as he came over the hill he observed a deputy's car coming towards him from the south and thought that it was Deputy Bond. He then stated: "I started slowing down and when I got even with him, I waved at him, I recognized him and it was Mr. Bond and I tried to wave him down and I went on and stopped as fast as I could, thinking he was stopping also and after I got stopped and looked back, he had gotten out of sight so apparently he didn't see me." Having realized he missed Bond, he immediately started looking for a place to turn around. He never did see or observe the Henry vehicle following him until it struck his vehicle from the rear.
Charles D. Henry testified that he was traveling between 50 and 60 miles per hour and as he approached the Morgan vehicle he was endeavoring to decide to either "fall way behind him or try to pass him." At this time he was approximately 50 to 60 yards behind the Morgan vehicle. As the Morgan vehicle crested the hill, Henry observed Morgan endeavor to gain the attention of the driver of the police unit. He then stated that as he drove over the hill himself, the Morgan vehicle was "almost to a stop." He immediately applied his brakes but was unable to avoid the collision. The right front of his vehicle struck the left rear portion of the Morgan automobile. Henry states that Morgan gave no signal whatsoever that he intended to stop his vehicle. Morgan did not say that he did.
Appellees contend that Henry was negligent when he continued to drive at a rate of 50 to 60 miles per hour when he knew that the preceding vehicle was slackening its speed and that the driver thereof was endeavoring to gain the attention of the southbound police unit.
*377 The only other evidence in the record is that of Trooper J. L. Jones, whose testimony was offered by deposition. His testimony contradicts that of Morgan in that at the trial Morgan stated that he was stopped before the impact, whereas, at the scene of the accident he told the officer that he had "almost stopped". Other than this, Trooper Jones' testimony adds little probative value to the case.
Our consideration of the record leads us to the conclusion that Henry was following Morgan at a legal rate of speed and just as Morgan approached the hill be observed Deputy Bond and waved to him in an unsuccessful attempt to gain his attention, then Morgan proceeded over the hill and almost simultaneously applied his brakes to bring his vehicle to an abrupt stop. The stopping maneuver was not completed until Morgan was over the hill and where the highway turned to the right.
The record is not clear as to the width of the shoulders bordering the highway. It is clear to the effect that Morgan made no effort to stop on the right shoulder but stopped as abruptly and as quickly as he could in his lane of travel without any warning whatsoever to the following motorist. This is in clear violation of R.S. 32:141(A). It was a very dangerous and sudden maneuver on Morgan's part.
It is well established law that generally a following motorist must stay a safe distance behind so as to enable himself to stop in a sudden emergency. The facts of each case determine what is a safe or reasonable distance. However, the following motorist is only liable for failing to avoid foreseeable dangers and emergencies. R.S. 32:81(A). Taylor v. Genuine Parts Co., 192 So.2d 241 (4th La.App.1966).
In the case at bar, certainly Henry (the following motorist) was not expected to anticipate that Morgan (the preceding motorist) would suddenly, abruptly, and without any notice whatsoever stop his vehicle immediately after cresting a hill and where the highway also turned to the right. We can only conclude that in doing so Morgan was guilty of negligence which was a contributing cause of the accident.
Lastly, we turn to appellees' alternative plea that Henry had the last clear chance to avoid the accident. We do not find that the doctrine of last clear chance is applicable here. The essential element justifying its invocation to the facts in the instant case are not present. Henry was in no position to have timely discovered Morgan's peril. Travelers Indemnity Co. v. Ben, 269 So.2d 553 (1st La.App.1972).
Accordingly, for the above reasons, the judgment appealed from is reversed and judgment is rendered herein in favor of appellants and against appellees dismissing appellees' suit at their costs.
Reversed and rendered.