SCHOTT, Judge.
Defendant appealed from a judgment in favor of plaintiffs for damages arising out of an automobile collision which occurred on June 26, 1970.
The trial record included only the testimony of plaintiff, Mrs. Jochum, and photographs of her vehicle. Defendant’s driver had moved out of state and was not susceptible to subpoena. The officer who investigated the accident was also unavailable despite attempts by both parties to subpoena him. Plaintiff’s testimony reveals the following :
The accident occurred at 12:30 AM after plaintiff, Mrs. Jochum, drove her car from the Joy Panorama Theatre in Metairie onto the west bound side of Airline Highway. Plaintiff drove a short distance, three to four car lengths, on the highway, traversing two lanes and stopping in the third left-hand lane, intending to make a left turn through the neutral divider. She did not look in her mirror and did not see defendant’s car. A second after her car *585 stopped it was struck from the rear by defendant’s vehicle.
The question presented on appeal is whether plaintiffs carried their burden of proof that the negligent operation of defendant’s vehicle was the cause in fact of the accident. We have concluded that they did not.
Both at trial and in her deposition, plaintiff testified that defendant’s driver admitted to drinking prior to the accident, and driving his vehicle at a rate of 75 miles an hour at the time of the accident. But on cross-examination, plaintiff acknowledged that her vehicle moved only a distance of. “a few feet” upon impact. The pictures of plaintiffs’ small foreign car reveal relatively slight damage. These facts make it highly improbable that her vehicle was struck by another traveling 75 miles per hour. Pretermitting this consideration, however, in view of plaintiff’s acknowledged failure to maintain an adequate lookout, her abrupt maneuver in crossing the highway in front of advancing traffic, and her stopping in the left lane where she was almost immediately struck, there is no proof of actionable negligence on the part of defendant’s driver. Gaudet v. Berndt, 286 So.2d 191 (La.App. 4th Cir. 1973). On the contrary, plaintiff’s testimony shows that the accident was caused by her own negligence in putting her automobile in front of defendant’s oncoming vehicle whose driver could not have avoided the accident. See LSA-R.S. 32:81(A), Aetna Casualty and Surety Company v. Henry, 307 So.2d 375 (La.App. 1st Cir. 1974).
Accordingly, the judgment of the trial court is reversed and set aside and there is judgment in favor of defendant, dismissing plaintiffs’ suit at their cost.
Reversed and rendered.