336 So.2d 1018 (1976)
Helen M. FLOWERS et vir., Plaintiffs-Appellants,
v.
The ST. PAUL COMPANIES et al., Defendants-Appellants.
No. 12984.
Court of Appeal of Louisiana, Second Circuit.
August 31, 1976.
*1019 Hal V. Lyons, Shreveport, for plaintiffs-appellants.
Mayer, Smith & Roberts by Alex F. Smith, Jr., Shreveport, for defendants-appellees.
Before BOLIN, PRICE and HALL, JJ.
BOLIN, Judge.
Helen M. Flowers was injured in an automobile accident. She sought judgment for her personal injuries and her husband sued for the accident-related expenses incurred by the community. The lower court found the defendant driver negligent but that Mrs. Flowers' negligence was a contributing cause of the accident which barred her recovery. From this judgment plaintiffs appeal. We affirm on a finding that the accident was caused entirely by the negligence of Mrs. Flowers.
The issue is whose fault caused the automobile accident which resulted in the injury to Mrs. Flowers.
On a rainy afternoon Mrs. Flowers was driving the family automobile north on the inside lane of a four-lane highway. Immediately ahead of the Flowers vehicle, also in the inside lane, was a car driven by Mrs. Greening who is not a party to this suit. In the same lane directly behind the Flowers vehicle was a hearse operated by defendant driver.
Mrs. Greening brought her vehicle to a normal stop in the inside lane. Mrs. Flowers said she was able to bring her automobile to a safe stop immediately behind Mrs. Greening's car; that she was struck from behind once and then again by the defendant's hearse; that plaintiff's injury resulted from this second blow; and that defendant was negligent in failing to keep a proper lookout and was following her too closely in view of the prevailing unfavorable weather conditions.
The defendant driver stated that he was carefully driving in the inside lane when he saw the flash of the brake lights of the Flowers car. He quickly applied his brakes, but was unable to avoid striking the rear of the Flowers automobile with the front of his hearse. The defendant driver insisted he collided only once with the Flowers car, which collision forced the Flowers car into Mrs. Greening's automobile. Defendant driver further claimed that Mrs. Flowers had not stopped behind Mrs. Greening but rather, had already struck Mrs. Greening's automobile from behind seconds before he rear-ended the Flowers car. The impact from defendant's hearse then knocked the Flowers vehicle into Mrs. Greening's automobile a second time.
The defendant's version of the sequence of events was borne out by the testimony. The investigating officer's report, as well as a medical report, indicated Mrs. Flowers had admitted that she was unable to stop her car and had slid into Mrs. Greening's stationary automobile moments before being struck from behind by the hearse. Further, Mrs. Greening testified she was struck twice within several seconds by the Flowers automobile. This double collision could not have resulted from the sequence of events as Mrs. Flowers described them. Finally, the uncontradicted testimony of an expert established the damage done to the rear of the Flowers automobile was caused by one collision, casting further doubt on Mrs. Flowers' unsupported claim that she was struck twice by the defendant driver's hearse.
The trial court found Mrs. Flowers was negligent in failing to keep a proper lookout and in allowing her car to strike the rear end of Mrs. Greening's automobile which had necessarily and reasonably stopped in Mrs. Flowers' lane of traffic. The lower court further found the hearse driver was negligent in not taking the proper precautions when he saw the preceding line of traffic had stopped. We agree Mrs. Flowers was negligent but we disagree that defendant driver was negligent.
As defendants' brief correctly notes, the testimony does not indicate the hearse driver observed the preceding line of traffic had stopped. Defendant driver testified he was aware of a string of traffic ahead of him *1020 but he did not know it had halted. He stated he was traveling approximately 80 feet behind the Flowers vehicle at a speed of 30-35 miles per hour. There is no reason to believe this driver saw the preceding line of traffic had stopped, nor is there testimony indicating that he reasonably should have seen that this traffic had stopped.
While a following driver has a duty to follow preceding vehicles at such a distance as to be able to control his vehicle should foreseeable dangers and emergencies arise, he is not expected to be able to avoid emergencies which unexpectedly and suddenly present themselves. The following driver is held liable only for his failure to avoid foreseeable danger. Aetna Casualty and Surety Company v. Henry, 307 So.2d 375 (La.App. 1st Cir. 1974); Taylor v. Genuine Parts Co., 192 So.2d 241 (La.App. 4th Cir. 1966); Rizzuto v. Bracamontes, 310 So.2d 132 (La.App. 4th Cir. 1975); and Coates v. Marcello, 235 So.2d 162 (La.App. 4th Cir. 1970).
Here, the defendant driver was proceeding reasonably when he was, without a timely warning, confronted with an emergency created by Mrs. Flowers' own negligence. Upon seeing the brake lights of her car, he immediately applied his brakes but was unable to avoid the accident.
Had Mrs. Flowers acted reasonably and applied her brakes early enough to bring her car to a safe stop behind the Greening vehicle, then we must assume, since there was no evidence to the contrary, the defendant driver would have noted the brake lights of the Flowers car in time to also bring his own vehicle to a safe stop. We find Mrs. Flowers' negligence was the sole cause of both collisions.
The judgment dismissing plaintiffs' demands is affirmed at appellants' cost.