GARRISON, Judge.
This is an appeal from a judgment dismissing plaintiff’s lawsuit growing out of a rear-end vehicle collision. Finding no manifest error in the trial judge’s conclusions, we affirm.
The accident occurred on October 23,1976 at approximately 11:50 a. m. on a clear morning. Both vehicles were proceeding south on Louisiana Highway 406, a two-lane, two-way road. The Deiler car was preceding the Clayton automobile, which was pulling a 15-and-one-half foot boat on a trailer. Suddenly, the Deiler vehicle was forced to come to a complete stop to avoid striking several large logs which were lying partially across the highway. (Michael Deiler, the driver, testified that he could swerve neither to the left nor to the right, because there was traffic coming toward him on the left, and a very narrow shoulder to the road on the right. Moreover, he was confronted suddenly with the logs, because he did not see them until the vehicle immediately in front of him swerved and went around them.) Clayton put on his brakes as soon as he saw Deiler’s brake-lights go on, but his car slid into the Deiler vehicle. Deiler subsequently sued Clayton.
The trial judge, in ruling against plaintiff, stated, “The defendant herein was faced with a sudden emergency and therefore this court cannot find him responsible for the damages.” The issue on appeal is whether Clayton was driving too closely under the circumstances, and thus was negligent in failing to avoid colliding with Deiler, regardless of the development of the “sudden emergency.”
The testimony shows that the Clayton car had been following the Deiler car for about a half a mile at a distance of about four or five car lengths. Both drivers testified that they were moving with the flow of traffic, estimating their speed to be twenty-five to thirty miles per hour. (Plaintiff-appellant contends that Clayton was really travelling at about thirty-five to forty miles per hour, based on testimony of Clayton’s passenger Norman Flynt. However, Clayton obviously was in a better position to know his own speed than was Flynt; further Flynt also testified that the Clayton car had continuously maintained the same distance behind the Deiler car.) It is clear that neither Clayton nor Flynt knew of the road hazard until the accident, when Deiler pointed out the logs to them. It is evident that they were not visible to a following motorist, since Deiler himself did not see them until after the vehicle preceding him swerved around them.
Deiler contends that Clayton would have been alerted to a possible emergency had he noticed the car preceding Deiler swerve, and that Clayton’s failure to see the swerving car constituted failure to keep a reasonable look-out. We conclude, however, from our reading of the record that the sequence of events, from the swerving of the first car to the braking of Deiler’s vehicle to the braking of Clayton’s vehicle, was so quick that Clayton could not have seen the emergency situation in time to avoid the accident. Moreover, we find from the record that the distance at which Clayton was following Deiler and the speed at which Clayton was following Deiler and the speed at which he was going were reasonable under the circumstances, including the fact that he was pulling a boat on a trailer.[1]
We believe that the principles enunciated in the case of Taylor v. Genuine *518 Parts Co., 192 So.2d 241 (La.App. 4th Cir., 1966), writ refused 193 So.2d 530, are applicable here:
“[WJhile the driver of the following automobile is charged with operating his car so as to have it under control, he is only held liable for not avoiding foreseeable dangers and emergencies whether or not created by the forward driver’s negligence, not being held to the duty of anticipating as occurrence such as this case presents as where a dog suddenly darts across the path of the lead vehicle . [T]he forward driver might have been negligent in stopping abruptly to avoid striking the dog, but nevertheless Taylor’s maneuver was sudden, unexpected, and certainly not foreseeable by Hudgens to whom no negligence can be ascribed. There was no reason at all why Hudgens should have anticipated the abrupt stop by the Taylor car as that stop was as unforeseeable to him as was the appearance of the dog to Taylor.” 192 So.2d at 246. See also Flowers v. St. Paul Co., 336 So.2d 1018 (La.App. 2nd Cir., 1976); Aetna Casualty and Surety Co. v. Henry, 307 So.2d 375 (La.App. 1st Cir., 1974).
For the foregoing reasons, the judgment of the district court is affirmed.

AFFIRMED.

. The case of Welch v. Thomas, 263 So.2d 427 (La.App., 1st Cir., 1972) which plaintiff cites as controlling, we find distinquishable. In that case the defendant was driving the third vehicle in a series of three cars which stopped one after another. When the lead vehicle stopped, plaintiff Welch, driving the second following vehicle stopped in time to avoid striking the first. Defendant Thomas was unable to stop and struck Welch’s car. The evidence, however, showed that Thomas’ car made no skid-marks and that he was “coming up fast” behind Welch. In the present case, Clayton’s car left 15 feet on skidmarks and he was travelling well below the speed limit and at a reasonable *518 distance behind Deiler. Moreover, Deiler’s stop here was not caused by any action of the car preceding him, but rather by the logs lying on the road.