414 So.2d 868 (1982)
Trudy Oppenheim, wife of/and Gerd L. OPPENHEIM and Daniel Oppenheim
v.
MURRAY HENDERSON UNDERTAKING COMPANY, INC., and Allstate Insurance Company.
No. 12919.
Court of Appeal of Louisiana, Fourth Circuit.
May 11, 1982.
Milton E. Brenner, New Orleans, for plaintiffs-appellants.
Glenn B. Adams, David J. Mitchell, Porteous, Toledano, Hainkel & Johnson, New Orleans, for defendants-appellees.
Before KLEES, BYRNES and CIACCIO, JJ.
BYRNES, Judge.
This action arises out of an automobile accident which occurred on October 5, 1978 on First Street (River Road) in Gretna, Louisiana. Mrs. Trudy Oppenheim, the Plaintiff, was preceding upriver when the vehicle she was driving (said vehicle owned by her son, plaintiff, Daniel Oppenheim) was struck from behind by a hearse driven *869 by Wilton Ambrose, an employee of Murray Henderson Undertaking Company.
At the start of the jury trial on this matter, the amount of damages to the vehicle and the community expenses incurred by Gerd Oppenheim, husband of Mrs. Oppenheim, were stipulated. Both drivers testified as well as several lay witnesses for the plaintiff and the deposition of Dr. Stuart Phillips was introduced in lieu of his live testimony. At the close of the evidence, the plaintiffs moved for and were granted a directed verdict on liability, leaving only the amount of general damages due Mrs. Oppenheim to be decided by the jury.
Thereafter, the jury returned a verdict for general damages in the amount of $6,500.00 in favor of Mrs. Oppenheim.
Defendants bring this appeal arguing that the trial judge erred in directing a verdict on liability against defendants when there was sufficient evidence that reasonable men might differ as to the negligence of the defendant's employee. It is further maintained by appellants that the amount of damages awarded to the plaintiff for her personal injury were excessive and should be reduced.
The standard for granting a directed verdict (Art. 1810(A) of the Louisiana Civil Code of Civil Procedure) was set out in Campbell v. Mouton, 373 So.2d 237 (La.App. 3rd Cir. 1979), whereby the court stated:
"[The statute allows] the judge to conclude the litigation (in a jury trial) if the facts and inferences are so overwhelmingly in favor of the moving party that the court believes that reasonable men could not arrive at a contrary verdict."
The court, in Campbell, further states that the standard of proof is to be based on the Federal standard and cites the language in Boeing Co. v. Shipman, 411 F.2d 365 (5th Cir. 1969) in enunciating the state standard to be used:
"On motion for directed verdict and for judgment notwithstanding the verdict that Court should consider all of the evidencenot just that evidence which supports the non-mover's casebut in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions (sic) is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury."
Applying this standard to the present case, we find that the trial judge did not err in granting a direct verdict in favor of plaintiffs. The testimony of Mr. Ambrose, driver of the hearse is very straightforward. He applied the hearse's brakes, the vehicle slid on some gravel or sand which was on the road due to construction work and hit Mrs. Oppenheim's car in the rear. He was traveling approximately twelve miles per hour at the time of the impact. There was no evidence that any action of Mrs. Oppenheim precipitated this rearend collision. A following vehicle in a rearend collision is presumed to be negligent, absent any proof to the contrary. See Cisneros v. Ferro, 411 So.2d 1212 (La. 4th Cir. 1982, 4th Cir.). As no evidence of contributory negligence on the part of Mrs. Oppenheim was raised, before the motion for directed verdict was given, we must concur with the judge's decision in granting the directed verdict in favor of plaintiffs with regard to liability.

Quantum
According to Dr. Stuart Phillips, the defendant suffered a classical cervical sprain. He prescribed aspirin and heat because the defendant was not able to take muscle relaxants. She suffered neck pain some two and one-half years after the accident. A conscientious effort was made by the plaintiff not to incur excessive medical bills.
*870 In affirming the lower court's award of $6,500.00 for injuries sustained by Mrs. Oppenheim, we need merely to state that the award was well within the range of discretion allowed the lower court. See Reck v. Stevens, 373 So.2d 498 (La.1979).
For the reasons stated above, we hereby affirm in whole the lower court's decision. All costs of this appeal are to be borne by appellants.
Affirmed.