CIACCIO, Judge.
This is an action to recover damages for personal injuries sustained in an automobile accident that occurred in St. Bernard Parish on November 13, 1977, on Louisiana Highway 46 (hereinafter referred to as St. Bernard Highway). After a trial on the merits, the district court rendered judgment in favor of the defendants, George Alexander and his insurer, dismissing the plaintiff’s suit. The plaintiff appeals the judgment.
On November 13,1977, George Alexander was driving his pickup truck in a westerly direction on St. Bernard Highway. His vehicle had two guest passengers, Danny Hin-gle, who was seated on the passenger’s side of the truck, and Sidney Hingle, who was seated in the middle of the truck. The defendant’s truck was being followed by a small automobile which was owned and operated by the plaintiff, Lionel Smith. At the location of the accident, St. Bernard Highway is a two lane road divided by a narrow median.
The defendant, while proceeding down St. Bernard Highway, in a westerly direction, passed the intersection of Colonial Drive and St. Bernard Highway, and while attempting to negotiate a left turn at an opening in the median, his vehicle was struck by the plaintiff’s vehicle. The impact resulted in damage to the bumper and the rear left panel of the defendant’s truck. The plaintiff’s car sustained damage to the right front area. The plaintiff suffered injuries to the head and upper torso as a result of the accident. He was treated by Dr. Lucas DiLeo.
There is a conflict in the testimony regarding the events which immediately preceded the accident. The plaintiff testified that, shortly before the accident, the defendant’s vehicle veered to the right of the roadway on to the gravel shoulder, and then, in order to make a left turn, swung back on to the highway immediately in the path of plaintiff’s oncoming vehicle, causing a collision. The plaintiff further testified that the defendant’s turn indicator was not operating to signal a left turn before the accident. The testimony of Larry Jackson, *1018 the investigating officer, supports the plaintiff’s version of how the accident happened. He testified that the damage to the left rear of the defendant’s vehicle could only be explained if the defendant was in the center of the roadway at the time of the collision. Therefore, he reasoned deductively, that the defendant had swerved over to his right in order to make a wide left turn.
This testimony is contradicted by the defendant, George Alexander,[1] and his two guest passengers. They testified that the defendant was traveling westerly on St. Bernard Highway and that he activated his turn indicator to signal a left turn and slowed his vehicle to make a u-turn at the opening in the median. He did not leave the highway. He could not proceed across the highway because of approaching traffic. One of the guest passengers warned of the plaintiff’s approach, but the time and conditions did not allow the defendant driver to respond to the warning. The initial impact caused the plaintiff’s vehicle to skid off the defendant’s bumper, damaging the defendant’s left rear panel.
The trial judge had to resolve this apparent conflict in the testimony in order to render a judgment. He made a credibility determination in favor of the defendants. The sole issue presented for review is whether or not this factual finding of the trial judge was manifestly erroneous.
The standard for appellate review is set forth in the Louisiana Supreme Court decision of Canter v. Koehring:
“When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact: where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court’s better capacity to evaluate live witnesses (as compared with the appellate court’s access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.” 283 So.2d 716 at 724 (La., 1973).
This standard has been clarified and refined by the decision of Arceneaux v. Domingue, 365 So.2d 1330 (La., 1979). In that decision, the Louisiana Supreme Court made the following statement regarding the appellate standard of review: “ — the appellate court should not disturb such a finding of fact, unless it is clearly wrong.” Arceneaux v. Domingue, supra at 1333.
In the instant case, the trial judge did not give written reasons for judgment. However, we must conclude from his judgment, that he found that the defendant was free of negligence or that the plaintiff was negligent, and his negligence was either the sole proximate cause of the accident or was contributory negligence.
It is generally recognized that one who attempts to negotiate a left turn must signal his intentions to do so. Hollier v. Gilder, 306 So.2d 475 (La.App., 3rd Cir., 1975). The driver of a vehicle who desires to make a left turn also has a responsibility imposed by law to ascertain whether such a maneuver can be safely executed, without danger or undue delay to overtaking oncoming traffic. Natchitoches Motor Company v. Travelers Insurance Company, 372 So.2d 811 (La.App., 3rd Cir., 1979). It is, likewise, well established that in determining whether a left turn can be made safely, a motorist has every right to assume that *1019 following traffic will observe all of the duties imposed upon it. Songe v. Highland Insurance Company, 336 So.2d 243 (La.App., 1st Cir., 1976).
Generally, a following motorist must maintain a safe interval, so that in a sudden emergency he can bring his vehicle to a stop, without striking the car ahead. Layfield v. Altazan, 255 So.2d 363 (La.App., 1st Cir., 1971). A presumption of negligence will arise when a motorist strikes the rear of a preceding vehicle. Eubanks v. Brasseal, 310 So.2d 550 (La., 1975), on remand, 318 So.2d 79; Jones v. Meinke, 357 So.2d 838 (La.App., 4th Cir., 1978).
We have reviewed, in detail, the record in this matter, and we are convinced that the trial court was not clearly wrong in its findings on the issue of liability.
Defendant’s testimony, and that of his two guest passengers, is in direct conflict with the testimony of the plaintiff. The trial judge resolved this conflict in defendant’s favor and we find no manifest error in his finding.
For the reasons assigned, the judgment of the trial court is affirmed. Costs are assessed against the plaintiff.
AFFIRMED.

. The defendant testified that he is illiterate, having only a third grade education. His lack of formal education is at time reflected in his testimony with regard to the names of streets, full names of his guest passengers and his estimate of time. However, the defendant was unwavering in his testimony regarding the salient events leading up to and including the accident.