445 So.2d 41 (1984)
Elizabeth Cosse, wife of/and Elliot A. COSSE
v.
Adrian BRULEY, Lynda S. Guffey wife of/and Thomas Guffey, State Farm Insurance Co., Alliance Insurance Co. Inc., and Commercial Union Insurance Co.
No. CA 1006.
Court of Appeal of Louisiana, Fourth Circuit.
January 12, 1984.
Anthony J. Russo, Clarence F. Favret, III, New Orleans, for plaintiffs-appellants.
Edward P. Lobman, Sidney J. Angelle, Metairie, Robert P. Hogan, Covington, for defendant-appellee.
*42 Before BYRNES, LOBRANO and WILLIAMS, JJ.
BYRNES, Judge.
This is a personal injury action arising out of a vehicular collision. Elliott Cosse and his wife Elizabeth Cosse, plaintiff-appellants, filed suit in the 25th Judicial District Court for Plaquemines Parish against the Estate of Joseph H. Foster and his insurer, Alliance Insurance Co., Adrian G. Bruley and his insurer State Farm Insurance Co., Lynda S. Guffey and her insurer, Alliance Insurance Co., and Commercial Union Insurance Co., plaintiff's uninsured motorist carrier.
Elliot Cosse's claims for his personal injuries and property damage were settled with Commercial Union and all defendant's were dismissed prior to trial.
Trial was held on March 21, 1983 to determine if any damages were suffered by plaintiffs as a result of the injuries to Elizabeth Cosse. At the end of the plaintiffs' case in chief all defendants' moved for a directed verdict. The trial judge granted this motion. Plaintiffs now appeal the granting of the directed verdict dismissing defendants from the action.

ISSUES
Appellants contend that the trial court erred in granting defendants' motions for Directed Verdict. They argue that the trial court erred in finding that defendants, Adrian Bruley Sr. and Lynda Guffey, were confronted with a sudden emergency and therefore were not negligent and were not a concurring proximate cause of the accident or injuries herein.

FACTS
On September 6, 1980 appellants were traveling south in the left hand lane of Louisiana Hwy. 23. Defendants, Guffey and Bruley were each following appellants' automobile in the same lane of traffic. As appellants' car approached the intersection of East Third St. and Hwy. 23, Joseph Foster, who was traveling North on Hwy. 23, lost control of his vehicle, struck the median, and was hurled into the southbound lane of traffic directly in front of appellants' car. As a result the Cosse's automobile collided with the right side of Foster's vehicle. Immediately thereafter Guffey's truck struck appellants' vehicle in the rear and the Bruley automobile struck Guffey's truck in the rear.
As a result of this collision appellants sustained bodily injury and their automobile was a total loss. Mr. Foster, who was apparently drunk when the accident occurred, died instantly.

NEGLIGENCE OF GUFFEY AND BRULEY
Appellants contend that both Guffey and Bruley were negligent in failing to bring their vehicles to a stop prior to colliding with plaintiffs' car and each other. The defendants argued at trial that the Doctrine of Sudden Emergency should be invoked to relieve them of liability for the accident. The trial court specifically found that:
... the sole and approximate cause of the accident was the negligence of Mr. Joseph Foster. That all of the three vehicles which were confronted with the sudden emergency, the same sudden emergency that confronted the vehicle of Guffey and the vehicle of Bruley and confronted the vehicle of Cosse in this matter. [TR., p. 107]
We agree with the trial court's assessment of negligence in this matter.
LSA R.S. 32:81(A) requires a driver to maintain a reasonable distance between himself and the vehicle in front of him in light of traffic and road conditions. It is well settled that a driver must maintain a sufficient distance from a lead vehicle to allow him to stop under normal circumstances. Eubanks v. Brasseal, 310 So.2d 550 (La.1975). Further, a driver can successfully rebut the presumption of negligence which arises in a rear-end collision by showing that he kept his vehicle under control, he observed the lead vehicle, and was following at a safe distance under the *43 circumstances. Covington v. Hughes, 402 So.2d 198 (La.App. 1st Cir.1981). Finally, the driver of a following vehicle will not be held liable for accidents which occur as a result of a sudden emergency which was not the fault of the following vehicle and which could not have been reasonably anticipated. Smith v. Alexander, 415 So.2d 1016 (La.App. 4th Cir.1982).
The record establishes that there was a light rain falling on the day of the accident. Guffey's truck was two or two and one half car lengths behind Cosse, and Bruley was approximately two and one half car lengths behind Guffey. Both vehicles were traveling 35-40 mph. It is clear from the testimony that Guffey was not tailgating Cosse and Bruley was not tailgating Guffey.
The collision between Foster and Cosse took place directly in front of Guffey. The left lane in which Guffey was travelling was completely blocked and the right lane was partially blocked. Guffey took the only action a reasonable prudent person could take under the circumstances, he applied his brakes. There is no evidence to suggest that Guffey was following so closely that he could not have avoided hitting the Cosse vehicle had it slowed down or stopped under normal circumstances.
As to Bruley, he saw the accident begin to unfold in front of him. He took his foot off the accelerator to slow down. He did not apply his brakes immediately for fear that a sudden stop under the wet conditions may cause another car to collide with his rear-end. However, when he noticed Guffey's vehicle approaching too fast he applied the brakes and lightly hit Guffey in the rear. Again, there is no evidence to show that Bruley, could not have safely stopped under normal circumstances absent the sudden emergency.
Accordingly, we find that Bruley and Guffey acted reasonably and prudently under the circumstances.

DIRECTED VERDICT
Appellants' contend that the trial court erred in granting the defendants' motions for Directed Verdict. They argue that the trial judge must examine the evidence in the light most favorable to the plaintiff and that a directed verdict should not be granted unless the evidence is so overwhelmingly in favor of the mover that a reasonable trier or fact could not arrive at a different verdict. To support these arguments appellants cite LA.C.C.P. Art. 1810, Pellerin v. Tudor Construction Co., 414 So.2d 403 (La.App. 1st Cir.1982), and Oppenheim v. Murray Henderson Undertaking Co. Inc., 414 So.2d 868 (La.App. 4th Cir.1982).
We find appellants' arguments in this regard to be without merit under the circumstances. The cases upon which appellants rely relate to C.C.P. Art. 1810(A) regarding directed verdicts in jury trials. The case at bar is a bench trial and the procedure for granting a dismissal at the close of plaintiff's case, which is the relief defendants sought, is set out in C.C.P. Art. 1810(B) which provides:
In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his rights to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.
The court must grant the dismissal if it finds that the plaintiff has not established his case by a preponderance of the evidence. Bradley v. Hunter, 413 So.2d 674 (La.App. 3rd Cir.1982) writs denied 415 So.2d 952 (La.1982). Contrary to appellants' contention neither party is treated more favorably when the court reviews the evidence under Art. 1810(B).
On review we are required to give great weight to the factual findings of the trier of fact. Arceneaux v. Dominique, 365 So.2d 1330 (La.1978). Given the facts as stated herein we cannot say that the ruling *44 of the trial court was not based upon a preponderance of the evidence. Accordingly, we affirm the judgment of the trial court, granting defendants' motions to dismiss.
For the foregoing reasons the judgment of the trial court is affirmed. All costs of this appeal are to be borne by appellants.
AFFIRMED.