517 So.2d 994 (1987)
Donald W. COLLINS, et ux., Plaintiff-Appellant,
v.
Dorothy D. LEMOINE, Barbara M. Taylor and State Farm Insurance Company, Defendants-Appellees.
No. 86-901.
Court of Appeal of Louisiana, Third Circuit.
October 7, 1987.
Writ Denied December 11, 1987.
*995 Ford & Nugent (Howard N. Nugent, Jr.) Alexandria, for plaintiff-appellant.
Gist, Methvin, Etc., Dewitt T. Methvin, Jr., Alexandria, for defendants-appellees.
Before STOKER and YELVERTON, JJ., and CULPEPPER, J. Pro Tem.[1]
STOKER, Judge.
This is a suit for damages plaintiffs allege they sustained as a result of an automobile accident.
Donald M. and Sally J. Collins filed suit, individually and on behalf of their three minor children. The defendants are (1) Dorothy D. Lemoine; and (2) Barbara W. Taylor and her insurer, State Farm Mutual Automobile Insurance Company (State Farm). The trial court rendered judgment in favor of the plaintiffs against Ms. Lemoine and in favor of State Farm on its third party demand against Ms. Lemoine. The trial court rejected the plaintiffs' demands against Ms. Taylor and State Farm. The plaintiffs have appealed the judgment of the trial court. They assert on appeal that the trial court erred in finding that Ms. Taylor was not negligent in causing the collision between her vehicle and Mrs. Collins' vehicle.[2] We affirm the judgment of the trial court.

FACTS
The automobile accident in question occurred on October 3, 1984 at approximately 5:00 p.m. on U.S. Highway 71 in Rapides Parish. Mrs. Collins and Ms. Taylor were traveling in a southerly direction on the O.K. Allen Bridge which crosses the Red River between Pineville to the north and Alexandria to the south. The bridge is two-laned with two-way traffic. The weather was clear and the road conditions were good. The traffic at that time of the day was heavy late afternoon traffic.
Mrs. Collins, with her three children in the automobile, preceded Ms. Taylor as they descended the bridge. A small road which runs in an east-west direction along the crest of the Red River levee intersects Highway 71 at the south foot of the bridge. Ms. Lemoine was on the levee road waiting to enter the traffic on Highway 71. As Mrs. Collins approached this intersection, Ms. Lemoine, suddenly and with no warning, entered Mrs. Collins' lane of travel. Mrs. Collins was unable to stop her vehicle and collided with Ms. Lemoine's vehicle. The collision caused Mrs. Collins' vehicle to spin and come to a stop across the southbound lane of travel. Ms. Taylor, approaching *996 from the rear, was unable to stop her vehicle and collided broadside with Mrs. Collins' vehicle. Mrs. Collins and her children sustained physical injuries as a result of the collisions. Mr. and Mrs. Collins' vehicle was also damaged. Ms. Taylor also sustained physical injuries and property damage as a result of the collision. Ms. Lemoine was uninsured at the time of the accident. The Collins were also uninsured at the time.

MS. TAYLOR'S NEGLIGENCE
Mrs. Collins and Ms. Taylor testified that at the time of the accident the traffic on Highway 71 across the bridge was heavy and that they were traveling at speeds of approximately 30 to 35 miles per hour. Mrs. Collins testified that she saw Ms. Lemoine's vehicle on the levee road as she descended the bridge and that Ms. Lemoine pulled out into her lane very suddenly when Mrs. Collins was about five feet away. Mrs. Collins braked but was unable to avoid colliding with Ms. Lemoine's vehicle. Mrs. Collins testified that Ms. Taylor had been traveling behind her at a distance of about 28 to 35 feet. Ms. Taylor testified that she did not see the Lemoine vehicle pull out from the levee road, but saw Mrs. Collins' vehicle spin around at which time she braked. Mrs. Collins' vehicle blocked the southbound lane of traffic, there was oncoming traffic in the northbound lane and there was a bridge railing to the right. Ms. Taylor was unable to come to a timely stop.
The trial court found as a matter of fact that Ms. Taylor had been traveling at a reasonable speed, had been maintaining a safe distance from Mrs. Collins' vehicle and that she had kept a proper lookout. The presence of oncoming traffic and a bridge railing prevented any evasive action once the first collision occurred blocking the lane of travel. The trial court concluded that the first collision created a sudden emergency which could not have been reasonably anticipated by Mrs. Taylor and that under the circumstances the second collision could not have been avoided.
The plaintiffs argue that Ms. Taylor failed to exonerate herself from the legal presumption of negligence imposed against a following motorist involved in a rear-end collision.
The standard of care imposed upon a following motorist is that it shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of the preceding vehicle and the traffic upon and the condition of the highway. LSA-R.S. 32:81(A). Our courts have held that a presumption of negligence arises in a rear-end collision, but this presumption may be rebutted by showing that the following driver kept his vehicle under control, that he observed the forward vehicle and that he followed at a safe distance under the circumstances. Eubanks v. Brasseal, 310 So.2d 550 (La. 1975); Cosse v. Bruley, 445 So.2d 41 (La. App. 4th Cir.1984). The following driver is required to maintain a sufficient distance which will allow him to stop under normal circumstances. Cosse, supra. The following motorist will be held liable for not avoiding foreseeable dangers and emergencies whether or not created by the preceding driver's negligence and will not be held to the duty of anticipating sudden or unexpected events. Deiler v. Clayton, 378 So. 2d 516 (La.App. 4th Cir.1979).
In this case, the trial court found that there was no evidence which would suggest that Ms. Taylor was following the Collins vehicle so closely that she could not have avoided the collision had the Collins' vehicle slowed down or stopped under normal circumstances. All of the evidence indicates that Ms. Taylor adhered to the standard of care imposed by LSA-R.S. 32:81(A). We cannot say that the trial court was clearly wrong in its factual findings and conclusions of law.

CONCLUSION
For the above and foregoing reasons the judgment of the trial court is affirmed. The costs of this appeal are assessed to the plaintiffs-appellants.
AFFIRMED.
NOTES
[1] Honorable William A. Culpepper, Judge, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[2] Judgments by default were rendered against Dorothy D. Lemoine and she has not appealed those judgments. Her liability is not before us in this appeal.