474 So.2d 1006 (1985)
Albert ROSE, Jr., Individually and as Administrator of the Estate of His Minor Son, Donell Rose
v.
LOUISIANA POWER AND LIGHT COMPANY.
No. 85-CA-146.
Court of Appeal of Louisiana, Fifth Circuit.
July 29, 1985.
*1007 Edmond R. Eberle, New Orleans, for plaintiff-appellee.
Terrence O'Brien, Monroe & Lemann, New Orleans, for defendant-appellant.
Before CHEHARDY, CURRAULT and DUFRESNE, JJ.
CURRAULT, Judge.
This appeal arises from a judgment in favor of plaintiffs, Albert Rose, Jr. and his minor son, Donell Rose, against defendant Louisiana Power and Light Company (L.P. & L.) as a result of electric shock injuries suffered by Donell. We affirm.
On June 16, 1982, at approximately 4:00 p.m., twelve-year old Donell Rose observed a neighborhood tree smoking from the top. He and a friend attempted to extinguish the fire by using a water hose from a neighboring house. The event occurred following a wind and rain storm. Unsuccessful at this attempt, Donell looked upward to determine whether it was feasible to climb the tree carrying the hose so that the water from the hose would reach the fire emanating from the top. While looking upward, his right hand touched the tree and he received an electrical shock throwing him unconscious across a metal fence. An ambulance was called, but after a delay, his father took him to East Jefferson General Hospital in his vehicle. Donell was treated and released sometime in the early morning hours of the next day. He thereafter continued to receive treatment at Charity Hospital twice a week for approximately two months, primarily for a burned right hand.
On the day of the accident, L.P. & L. sent a service truck to the scene and the tree was trimmed including the burned branches. It was determined that the fire and subsequent shock to Donell was caused by a broken branch falling onto the uninsulated primary line which carried 8,000 volts of electricity.
Subsequently, a suit was filed on Donell's behalf on June 15, 1983. A non-jury trial was held on July 25, 1984 in the Twenty-Fourth Judicial District Court for the Parish of Jefferson before the Honorable Judge Joseph F. Grefer. On September 25, 1984, the trial judge rendered judgment in plaintiff's favor for Seven Thousand Five Hundred Dollars ($7,500) plus interest and costs.
Defendant, L.P. & L., thereafter perfected this appeal alleging:[1]
that (1) the trial court, in its Reasons for Judgment, made erroneous findings of fact, not supported by record evidence, and/or contrary to record evidence, and manifestly erroneous. The court erred in finding L.P. & L. at fault and rendered judgment against L.P. & L.; and that
(2) the trial court failed to grant L.P. & L.'s motion pursuant to LSA-C.C.P. Article 1672(B), that judgment be rendered in its favor at the close of the presentation of plaintiff's evidence at trial.
The trial judge predicated the defendant's liability on Kent v. Gulf States Utilities Company, 418 So.2d 493 (La.1982).
In Kent, the Louisiana Supreme Court delineated the difference between delictual liability under LSA-C.C. Article 2315 and LSA-C.C. Article 2317 (negligence and strict liability respectively). In negligence, the claimant must prove the owner of an injury-causing thing knew or should have known of the risk involved. In strict liability, the knowledge is presumed. But in both tort theories, the claimant must also prove that the thing presented an unreasonable risk of harm which resulted in the damage "(or must prove, as some decisions have characterized this element of proof, that the thing was defective)." At page 497.
The plaintiff in Kent was not granted relief because the accident could not reasonably have been anticipated and thus *1008 was not within the scope of duty owed to plaintiff. There the accident occurred when a thirty-foot aluminum pole the victim was using in an unorthodox fashion to texture the surface of a roadway came in contact with an overhead high voltage line. On the other hand, liability was found in Hebert v. Gulf States Utilities Company, 426 So.2d 111 (La.1983). In Hebert, the plaintiff who was employed erecting a metal building was injured when a twenty-foot piece of angle iron contacted a nearby high voltage line. The utility company knew of the construction activities and failed to take reasonable steps to prevent possible injury. In asserting their position, the defendant argued that the line, 26 feet in the air, created "insulation by isolation." The court stated that:
"Insulation by isolation is maintained until something intervenes. Just as time, climate, blows or other circumstances may deteriorate rubber insulation coating a wire, so insulation by isolation may deteriorate with a changing environment." At page 116.
In rejecting defendant's argument, the court found that the deterioration in this case occurred as a result of the construction activities which placed the workers in close proximity to the wire.
The trial court herein found that it is unnecessary, as in Kent, to assume knowledge of the risk of harm created by the L.P. & L. line since in both cases the utility companies knew that their lines were "hot" as testified to by defendant's witnesses, Lorenzo Crouch, a utility man for L.P. & L. and Phillip Pons, an L.P. & L. senior foreman. The testimony further indicated that fires are common following a storm in which tree branches connect with the uninsulated wire and despite that fact, it is customary not to insulate the primary line.
The next question is whether the high power line herein created an unreasonable risk of harm which resulted in the damage. The trial court found that it did and we agree.
In Hebert, the Louisiana Supreme Court stated:
"Electric transmission companies which maintain and employ high power lines are required to exercise the utmost care to reduce hazards to life as far as practicable. Simon v. Southwest La. Elec. Membership, 390 So.2d 1265 (La. 1980); Nessmith v. Central La. Electric Co., 257 So.2d 744 (La.App. 3d Cir.), writ denied, 261 La. 480 [483], 259 So.2d 921, 922 (1972). However, an electric utility is not required to guard against situations which cannot reasonably be expected or contemplated. Simon, supra."

At page 114.
The evidence shows that the wires were located in a residential area and that the tree was located on a neutral area or public property. The testimony and photographs revealed that the wires ran through the branches of the tree and that the poles and wires had existed from at least 1956. The uncontroverted testimony of Mrs. Brown who lived in the house fronting the neutral area on which the tree stood, and the utility wires ran, indicated that the tree had not been trimmed since 1958. Trees, as the trial court noted, tend to grow; and the defendants admitted that falling branches on an uninsulated primary line are a common cause of tree fires. As this is a residential neighborhood, it is also foreseeable that a child would touch the tree when wet from a rainstorm. The two events occurring together is thus a likewise foreseeable risk of harm which L.P. & L. failed to protect against in a reasonable manner. Consequently, we find that the trial court did not err in finding L.P. & L. liable for plaintiff's injury.
In regard to appellant's second assignment of error, LSA-C.C.P. Article 1672(B) provides:
"In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has *1009 shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence."
The court must grant the motion for dismissal if plaintiff fails to establish his case by a preponderance of the evidence. Cosse v. Bruley, 445 So.2d 41 (La.App. 4th Cir.1984).
After our review of plaintiff's case in chief, we find that plaintiff met his burden and thus the trial court did not err in denying defendant's motion to dismiss.
Therefore, the judgment of the trial court is hereby affirmed.
AFFIRMED.
NOTES
[1] For organizational purposes, we have reversed the order of appellant's specifications of error.