PER CURIAM.
Relator, Albert Burnthorne, applies for review of his misdemeanor conviction of dis *668 turbing the peace, in violation of La.R.S. 14:103. He was charged by citation filed on April 15, 1993, and was arraigned on May 13, 1993, at which time he pled not guilty. The case proceeded to trial on July 1, 1993, before the First Parish Court in Jefferson Parish. After hearing the evidence the trial judge found relator guilty and sentenced him to serve 15 days in parish prison which he then suspended. He fined relator $250.00, plus court costs, and placed him on inactive probation for six months.
In his writ application, relator challenges the sufficiency of the evidence supporting his conviction. The State presented three witnesses at the trial. The first witness, Robert Paggett, was the complainant in the case. He testified that he lived across the street from relator at the time of the incident which gave rise to the charge against relator. According to Paggett, relator verbally harassed and abused people in the neighborhood on several occasions. Relator refused to allow children in the neighborhood to use the sidewalk in front of his residence, while permitting his own son to roam the neighborhood with a crossbow.
Paggett related to the court the specific circumstances of the incident surrounding the charge against relator. Upon arriving home from work one evening, Paggett drove into his driveway, got out of his car and began walking into his residence. Relator, who was standing across the street in front of his own residence, yelled verbal insults at Paggett and continued the harassment until Paggett entered his home. The remaining two state witnesses, Cheryl Yeargin and Anita Foret, also testified about relator’s abusive behavior in the neighborhood.
Relator took the witness stand in his own defense and denied the allegations against him. He claimed that the testimony against him was motivated by revenge on the part of the state’s witnesses. The trial judge rejected this defense and found relator guilty. Relator now attempts to offer further evidence to substantiate his revenge defense.
The trial judge found relator guilty of violating La.R.S. 14:103 A(2), which provides:
A. Disturbing the peace is the doing of any of the following in such manner as would forseeably disturb or alarm the public:
⅜ . ⅜ * ⅜ * *
(2) Addressing any offensive, derisive, or annoying words to any other person who is lawfully in any street, or other public place; or call him by any offensive or derisive name, or make any noise or exclamation in his presence and hearing with the intent to deride, offend, or annoy him, or to prevent him from pursuing his lawful business, occupation, or duty; ....
In support of the verdict, the trial judge stated:
The Court from the testimony of the three State’s witnesses that some of those acts did occur and I found from the testimony of the two ladies that that’s what — that’s why I find the testimony of Mr. Paggett believable when he says that he was harassed and called names from across the street and harassed by this man and other members of his family, and that’s why I wanted to hear what was generally going on in the neighborhood from two other people.
So, I therefore find the Defendant guilty of disturbing the peace by addressing offensive and derisive language to Mr. Paggett on the date that he testified when he came home when they were in the front yard.
The appellate standard for reviewing the sufficiency of the evidence supporting relator’s conviction was established in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Viewing the evidence in the light most favorable to the prosecution, could any rational trier of fact have found the defendant guilty of each element of the crime beyond a reasonable doubt? The testimony presented at trial was sufficient to support the trial judge’s verdict of guilty in the case. Based on his evaluation of witness credibility, the trial judge accepted the testimony of the state’s witnesses and rejected the relator’s defense.
An error patent review reveals a sentencing error in this case. The penalty provision of La.R.S. 14:103 provides for a maximum *669 fine of $100.00. Nevertheless, the trial judge imposed a $250.00 fine on relator. According to the transcript, the fine was not imposed as a condition of relator’s probation. Relator paid the fine and did not raise the issue in his writ application. However, the fine imposed on relator is illegally excessive. State v. Woolverton, 474 So.2d 1008, 1004 n. 6 (La. App. 5th Cir.1985).
Accordingly, relator’s conviction is affirmed, but his sentence is hereby set aside and vacated, and the matter remanded for resentencing.

CONVICTION AFFIRMED, SENTENCE VACATED AND SET ASIDE; MATTER REMANDED FOR RESENTENCING.