KING, Judge.
Plaintiffs-homeowners, James Leon Sweet and his wife, Cynthia Nadine Sweet, filed this suit against defendant-lessees of an adjoining piece of property, C.B.G. Pontiac-Buick-Olds-GMC, Inc., and defendant’s insurer, seeking to recover damages for flooding of their home. At trial, upon conclusion of plaintiffs’ evidence, the trial judge granted defendants’ motion for dismissal of the suit, pursuant to LSA-C.C.P. Art. 1672(B), and ordered plaintiffs’ suit dismissed, with prejudice. The plaintiffs have appealed. We affirm.
The issue presented on appeal is whether the trial court erred in determining that the plaintiffs had shown no right to relief upon the facts and the law at the trial of the matter.
The record shows that in 1979 defendants leased some land on Highway 171 in DeRidder, Louisiana to build a car dealership. The rear of this leased property adjoins the rear of plaintiffs’ property, on the east, and the side of plaintiffs’ property on the south, and is generally elevated above plaintiffs’ property. In order to build its car dealership, defendants found it necessary to clear and level the leased land. The *84 work to do this consisted mainly of clearing out trees and spreading dirt and gravel out to level off the leased land. Plaintiffs allege that shortly after the work was finished on the defendants’ leased land, the plaintiffs’ house began to flood after heavy rainfalls.
The plaintiffs contend that, in removing trees and putting dirt on their leased property, the defendants altered the natural drainage and, as a result of that alteration, the flow of water off defendants’ property was increased causing plaintiffs’ house to flood when it rained.
Plaintiff, James Sweet, testified that he had lived in his home since approximately 1975 and that it was not until 1979, after the defendants had improved their leased land, that he began experiencing problems with flooding. He stated that his house only flooded when there was a heavy rainfall. Further, plaintiff testified that he knew from the time he moved in his home that his property sloped down from its rear to its front on the street, that the rear of his property was higher than the front of his property, and that the defendants' leased property was higher than his property. Finally, plaintiff testified that he had no knowledge of whether the prior owner of his property had ever had any problems with flooding.
Stephen Hebert, an expert in civil engineering and land surveying, stated in his deposition admitted in evidence that he had conducted a survey of the properties involved. From this survey he made a topographical map of the area which was also introduced into evidence. This topographical map showed some sloping of the property from an east to west direction, from the area of the defendants’ dealership westward to the plaintiffs’ home, but Hebert testified that he had no knowledge of the elevations of the plaintiffs’ and defendants’ properties prior to the construction by defendants of its place of business.
Reverend Elbert Cooksey, a carpenter-contractor, testified on behalf of the plaintiffs as to the cost of repairing the house, but he also stated that, by simple observation, a person could tell that the plaintiffs’ land was too low as compared to the surrounding lots.
Various other witnesses testified on behalf of the plaintiffs. They all stated that the plaintiffs’ house never flooded before defendants built the car dealership, but none of the witnesses knew whether the house and land had flooded prior to the plaintiffs’ purchasing their house and land.
Where recovery is based on the obligation of an owner under LSA-C.C. Arts. 655 and 656[1], as in any case where recovery is sought based on an owner’s use of his property that causes damage to a neighbor[2], the injured party must establish causation between the defendant-owner’s acts or omissions and the damage resulting from the defendant-owner’s acts or omissions. Patterson v. Garic, 411 So.2d 1091 (La.App. 4th Cir.1982); South Central Bell Tel. Co. v. Hartford Ace., 385 So.2d 830 (La.App. 1st Cir.1980); Russel v. Windsor Properties, Inc., 366 So.2d 219 (La.App. 3rd Cir.1978).
This case was decided by the trial court at the time of a trial on the merits, after conclusion of all of the plaintiffs’ evidence, on defendants’ motion for dismissal of plaintiffs’ suit. In considering such a motion the trial judge must weigh and evaluate all the evidence presented up to that point in the trial and may grant a dismissal if the plaintiff has not established *85 proof by a preponderance of the evidence of the facts essential to relief. Standard Mach., Etc. v. So. Pac. Transp. Co., 410 So.2d 842 (La.App. 3rd Cir.1982), writ den., 414 So.2d 377 (La.1982). See LSA-C.C.P. art. 1672(B). The trial judge has much discretion in determining whether or not to grant a motion for dismissal. Burrell v. Kirkpatrick, 410 So.2d 1255 (La.App. 3rd Cir.1982).
The trial judge in his oral reasons for judgment stated in part:
“Your evidence, and I’ve looked at my notes and tried to recall what has been testified to as accurately as possible, just simply does not establish as required by law that the natural drainage in the area was changed by CBG or that the drainage was made more burdensome.
* * * * * *
So, in a final analysis, it is apparent that you have had some water problems on occasions without the Court being able to tell how many occasions or what the circumstances of the weather were since CBG built their building. But the evidence simply is not there to show that it was due to the activities of CBG. It may be that it was, but the evidence does not establish that in my opinion, and that!s where the case breaks down.”
The record shows that various witnesses testified on behalf of the plaintiffs, but the only fact that was actually proven was that the plaintiffs’ house flooded on occasion after defendants’ improvements were made. There was no evidence as to the relative elevations of the properties before the defendants’ improvements, the flow of water before work was done by defendants, nor was there any evidence as to when the flooding actually occurred, how often it occurred, or how heavy the rainfalls were when such flooding occurred. The plaintiffs’ expert witnesses offered no testimony or evidence which would prove that defendants’ work had altered the natural drainage or was responsible for the flood damage of plaintiffs. Therefore, we find that the plaintiffs have failed to prove facts, as required by law, that the natural drainage in the area was changed by the work of defendants or that the drainage was made more burdensome by the work of the defendants. Simply stated, plaintiffs have failed to prove causation between defendants’ improvements on their leased land and the flood damage sustained by plaintiffs.
For the foregoing reasons, the judgment of the trial court granting the defendants’ motion for dismissal of plaintiffs’ suit, with prejudice, is affirmed. Costs of this appeal are assessed to the plaintiffs-appellants.
AFFIRMED.

. LSA-C.C. art. 655 reads as follows:
"An estate situated below is bound to receive the surface waters that flow naturally from an estate situated above unless an act of man has created the flow"
LSA-C.C. art. 656 reads as follows:
“The owner of the servient estate may not do anything to prevent the flow of the water. The owner of the dominant estate may not do anything to render the servitude more burdensome.”

. LSA-C.C. art. 667 reads as follows:
"Although a proprietor may do with his estate whatever he pleases, still he can not make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him."