468 So.2d 1379 (1985)
Robert L. PIERCE
v.
Bessie Rae Pierce THOMPSON, As Administratrix of the Estate of Mary Lee Lumpkin PIERCE.
No. 83-CA-1455.
Court of Appeal of Louisiana, First Circuit.
April 16, 1985.
*1380 John Anthony, E.B. Dittmer, Bogalusa, for plaintiff.
John Gallaspy, Bogalusa, for defendant.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
EDWARDS, Judge.
Mary Lee Lumpkin Pierce died on May 11, 1981. On November 22, 1982, more than a year after her death, Robert L. Pierce, her son, sued his sister Bessie Rae Pierce Thompson, as the administratrix of Mrs. Pierce's estate, to recover amounts allegedly due on three promissory notes which Mrs. Pierce had executed in his favor. The first note for $2,600 was allegedly executed on April 3, 1948; the second, for $1,800, on March 10, 1954; and the third, for $2,300 on November 16, 1957. All three bore an annual rate of interest of 6%. By supplemental petition, Pierce alleged that Mrs. Pierce executed a fourth note on April 1, 1978, for the face value of $18,000, made payable to "myself," but unendorsed, and secured by an authentic act of mortgage executed the same day. In the act of mortgage, Mrs. Pierce acknowledged the three earlier promissory notes and their face amounts, as well as "other amounts" of money she received from the plaintiff, and waived all rights to any claims of prescription.
In the original answer, the defendant filed a general denial of indebtedness for either the principal amounts or the interest, and pleaded application of LSA-R.S. 13:3721, commonly referred to as "Deadman's Statute," prohibiting the introduction of any parol evidence to prove the validity of the notes, but she did not assert any specific affirmative defenses. In the answer to plaintiff's supplemental petition, the defendant reurged application of the "Deadman's Statute" and pleaded novation of the promissory note by the execution of the April 1 note and mortgage. The defendant also filed sometime later two exceptions of prescription and res judicata.
At trial, plaintiff introduced into evidence as proof of the debt the three promissory notes and a certified copy of the April 1 note and mortgage. Plaintiff also testified over the defendant's objection (as prohibited by LSA-R.S 13:3721) that the three notes were all executed and signed by his mother in his presence on the date indicated on the notes and that she made no payment on any of them.
In rebuttal to this evidence, Mr. Huey Pierce, plaintiff's brother and one of the witnesses who signed the April 1 mortgage, testified on behalf of the defendant that the three promissory notes were not signed by his mother on the date indicated on the notes. He testified that the three promissory notes, the April 1 note and the authentic act of mortgage were all executed and signed on the same day, April 1, 1978. He claimed that the whole transaction with the notes was a "sham" in an attempt to procure funds from Mrs. *1381 Pierce's assets to take care of their retarded brother.
The trial court noted in its reasons for judgment that "this testimony, together with the dates on these notes and the relationship of the parties involved cast a serious doubt in the mind of this court as to the validity of these notes," but dismissed plaintiff's suit on other grounds.
Pretermitting discussion of the defendant's peremptory exceptions and defense of novation, the trial court ruled that parol evidence was necessary to establish the amounts due on the three notes. Because the suit was filed more than a year after the date of death, without meeting any of the four conditions required by R.S. 13:3721, the trial court held that the plaintiff could not rely upon the April 1 note and mortgage to establish the amounts of the debt. Without proof of the amount owed, the trial court dismissed plaintiff's suit for failure to establish a prima facie case. From that judgment, plaintiff appeals.
LSA-R.S 13:3721 clearly prohibits the introduction of parol evidence to prove a debt of the decedent when the suit is brought more than a year after decedent's death, unless one of four conditions not applicable here have been met. It does not however prohibit proof of a debt by written evidence.
Disregarding for a moment the testimony admitted at trial, we are satisfied that the plaintiff presented prima facie written evidence of the debt by the introduction of the three promissory notes and the April 1 note and mortgage. All three of the notes contain a written and unconditional promise to pay to the order of the plaintiff on demand a sum certain in money and are signed by the decedent. See LSA-R.S. 10:3-104. The defendant did not specifically disavow the genuineness of the decedent's signature, therefore plaintiff was relieved of proving it. LSA-C.C. art. 2244; LSA-R.S. 10:3-307; Olympic Homes, Inc., v. Ory, 207 So.2d 258 (La. App. 1st Cir.1968), writ denied 252 La. 113, 209 So.2d 41 (1968); Bradford v. Cooper, 1 La.Ann. 325 (1846). Thus, the notes themselves represent written evidence of the debt.
Moreover, we fail to understand the trial court's distinction between proof of the existence of the debt and proof of the amount of the debt. The amount of the debt was the face amount of the notes. Plaintiff does not have the burden of proving nonpayment. Payment is an affirmative defense which must be pleaded and proved by the defendant. LSA-C.C.P. art. 1005; American Security Bank of Ville Platte, Inc., v. Vidrine, 255 So.2d 140 (La. App. 3rd Cir.1971); Preferred Investment Corporation v. Denson, 251 So.2d 455 (La. App. 1st Cir.1971). Since the defendant did not affirmatively plead payment, the amounts allegedly due are the face amounts of the notes.
Thus, the trial court erred in holding that the plaintiff had to rely on parol evidence to establish the amount of the debt. Even if he had, the certified copy of the authentic act of mortgage wherein Mrs. Pierce acknowledged the note and specified the amounts due is not parol evidence prohibited by 13:3721. It is written evidence which under LSA-C.C. art. 2236 should be considered as full proof of the statements made in it in the absence of fraud or error. See First National Bank of Ruston v. Mercer, 448 So.2d 1369, 1375 (La.App. 2nd Cir.1984); cf. Mathieu v. Nettles, 383 So.2d 1337, 1340 (La.App. 3rd Cir.1980), writ refused, 390 So.2d 202 (La.1980).
However, as was the trial judge, we are doubtful about the validity and enforceability of these notes. If, as Huey Pierce's testimony indicates, the notes were executed solely to procure funds for the care of their retarded brother, they may be unenforceable for want of valuable consideration. Want of consideration, as a defense, need not be specially pleaded, Smith v. Louisiana Bank and Trust Co., 272 So.2d 678 (La.1973). Fontenot v. Estate of Vidrine, 401 So.2d 584 (La.App. 3rd Cir.1981), and may be proved by parol testimony. Scafidi v. Johnson, 420 So.2d 1113, 1115 (La.1982).
*1382 Moreover, if true, his testimony means that prior to April 1, there were no previously executed promissory notes, whatever underlying loan obligations may have existed notwithstanding. Plaintiff's allegations that the notes were executed on the dates indicated would therefore be utterly false, and his testimony to that effect possibly perjurious. His suit would represent an attempted fraud upon the court, which we will not tolerate.
Article 2164 of the Code of Civil Procedure authorizes an appellate court to render any judgment which is just, legal, and proper upon the record on appeal, including a remand for the taking of additional evidence. Although the power to remand should be sparingly used, Vines v. Allen, 77 So.2d 100 (La.App. 1st Cir.1954), if a remand is necessary to get at the truth, then an appellate court must do so. As stated in Stuckey v. Hayden, 188 So. 406, 410 (La.App. 2nd Cir.1939), "Courts of justice are always seeking truth and when, in order to get the truth, it becomes necessary to remand the case for further evidence, it is clearly the court's duty to do so and the law gives us that privilege and authority." Since a resolution of this issue may greatly facilitate a just decision in this case and depends upon an evaluation of credibility, we will remand this case to the lower court for the taking of additional evidence on the issue of want of consideration and for a specific finding on the same.
In the interest of judicial economy and to facilitate review should either of the parties again appeal to this court, we shall order the trial court to render a decision on the defendant's two peremptory exceptions and likewise to make a specific finding on the issue of novation.
For the foregoing reasons, the judgment rendered below is reversed and the case is remanded for proceedings consistent with the opinions expressed herein. All costs shall await the final outcome of this case.
REVERSED AND REMANDED.