THOMAS J. KLIEBERT, Judge Pro Tem.
The plaintiff-appellant, Dudley Soileau, takes this devolutive appeal from a judgment dismissing his action against The Audubon Indemnity Company on a motion for a directed verdict (dismissal) made after plaintiff rested his case in chief. The plaintiffs suit for damages arose out of a fire at his residence. He sued the Audubon Indemnity Company alleging that employees of its insured, the City of Ville Platte, intentionally or negligently caused the fire at his residence. The Audubon Insurance Company, fire insurance carrier on plaintiff’s home, intervened in the suit seeking from any recovery by plaintiff the sum of $22,300 for fire damage which it had previously paid to plaintiff. The trial judge granted defendants’ motion dismissing plaintiff’s and intervenor’s suit. We affirm.
The facts which gave rise to the case are as follows: On March 7, 1984, at approximately 9:00 o’clock P.M., Louis Soileau appeared at the residence of his parents, Dudley and Loycie Oge’ Soileau, requesting money. After Mrs. Soileau refused to provide funds, Louis engaged in a heated discussion with Mr. Soileau. Louis then crossed the street and entered the residence of his sister, Rita Soileau Ortego. Sometime after 10:00 o’clock P.M., Louis crossed the street to the Soileau residence, took a can of gasoline from the garage, and poured gasoline into several small bottles.[1] Louis lit one bottle and threw it against the front door of the residence; he lit another bottle and threw it against the back door. Mrs. Soileau was standing in one of the doorways and her slip caught fire. While Robert Ortego helped Mr. Soileau extinguish the fires, Mrs. Soileau called the Ville Platte City Police.
When the first city units arrived on the scene, Louis entered the Soileau residence and picked up a shotgun. Mr. and Mrs. Soileau left their residence, seeking shelter *478 in the Ortego residence. Mrs. Soileau warned Officer Danny Fontenot that Louis was in the residence with a loaded gun. Units from the State Police and the Evangeline Parish Sheriffs Office arrived to assist the City Police. During the course of the confrontation, Officer Grady Pitre fired a canister of tear gas into the Soileau residence. Gunfire was also exchanged. Louis was forced to escape through a window after a fire broke out in the residence. The cause of the blaze was the critical issue at trial. The plaintiff sought to establish that the use of tear gas was unnecessary and that the tear gas canister ignited curtains when fired through a window, thereby starting the fire.
The plaintiff contends the trial judge erred in granting a directed verdict because (1) a prima facie case of liability had been made out against the defendant, and (2) the defendant failed to state the specific grounds on which the motion was based.
As regards the first issue, La.C.C.P. art. 1672(B), as amended in 1983 and applicable in the instant case, provides:[2]
“In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.”
In non-jury cases, except those cases where the doctrine of Res Ipsa Loqui-tur applies,[3] the standard for the trial court in ruling on a motion for a judgment of dismissal is to weigh and evaluate all the evidence presented up to that point, and the court must grant the motion if the plaintiff has not established proof of his claim by a preponderance of the evidence. Rose v. Louisiana Power & Light Co., 474 So.2d 1006 (La.App. 5th Cir.1985); Atkins v. Frazell, 470 So.2d 505 (La.App. 1st Cir.1985); Sweet v. C.B.G. Pontiac-Buick-Olds-GMC, Inc., 463 So.2d 82 (La.App. 3rd Cir.1985); Cosse v. Bruley, 445 So.2d 41 (La.App. 4th Cir.1984). The trial judge is not required to review the evidence in the light most favorable to the plaintiff or to make any special inferences. Galloway v. Ioppolo, 464 So.2d 386 (La.App. 1st Cir.1985); Atkins v. Frazell, supra. Thus, the plaintiffs argument that he need only have proven a prima facie case against the defendant in order to defeat the motion for a judgment of dismissal conflicts with established jurisprudence and must be rejected. Further, a trial judge is granted much discretion in determining whether or not a motion for judgment of dismissal should be granted, and an appellate court should not disturb his decision unless it is manifestly erroneous or clearly wrong. Atkins v. Frazell, supra; Citizens Bank and Trust v. Consol. Terminal, 460 So.2d 663 (La.App. 1st Cir.1983); Cosse v. Bruley, supra.
The trial judge, in oral reasons for judgment (Vol. 1 R. p. 40), stated in part:
“This Court, first of all, finds the plaintiff has not proven, by preponderance of the evidence that it’s the police officer that started the fire. In any event, if they did start the fire, they acted reasonably, even from the testimony of the witnesses that this man was dangerous and that all means had to be taken to quell the disturbance as necessary under the premises.”
Mr. Soileau had testified (Vol. I, R. p. 49) that after Gene Young, an investigator for the Evangeline Parish Sheriffs Office, spoke with Louis through the screen door, *479 Office Pitre shot a canister of tear gas through a window, setting the curtains on fire:
“Q. After Grady Pitre shot the tear gas, did you see flames?
A. Yeah. The curtains was all afire.
Q. About how long after he shot?
A. Well, as soon as he shot it they got afire.
Q. Were there any flames before he shot?
A. No.”
Mr. Soileau went on to relate that after the house was ablaze, Louis opened the screen door and fired a single shot. Questioned as to why Louis lit the earlier fires, Mr. Soileau explained Louis had a history of mental problems and at Vol. 1, R. p. 52, said: “... the man didn’t know what he was doing. He was insane ...” Mr. Soi-leau maintained, however, that the gasoline can remained outside, on top of a window air-conditioner, and that Louis did not take any gas into the house.
On cross-examination, Mr. Soileau admitted that he did not see Officer Pitre fire the canister through the window, nor did he hear the shot.[4] When presented with a written statement of the incident to the effect that “He (Louis) shot about five shots at the cops and by the time he fired the five shots he had set the house on fire from the inside...,” Mr. Soileau admitted (Vol. I R. p. 66) the signature on the document was his. On re-direct counsel for plaintiff sought to establish that the document was prepared by the Fire Marshall and that the plaintiff, who allegedly could not read well, did not make the statements contained therein.
Gene Young confirmed he twice spoke to Louis, whom he described as “half-coherent,” as he stood in the doorway holding the shotgun. After the second conversation, Louis turned off the porch light. Officer Pitre then approached the residence and warned Louis a tear gas canister would be propelled through a window at the count of three. As Officer Pitre counted, Deputy Eddie Soileau, an investigator for the Evangeline Parish Sheriff’s Office, saw the screen door move and what appeared to be a gun barrel poke out. Deputy Soileau yelled a warning and Officer Pitre fired the canister. According to Young, there was an almost immediate fire inside the residence “to the best of my knowledge” at the same location where the canister was fired. (Vol. I, R. p. 79). Young stated he did not see any flames before the canister was fired “bearing] in mind that I was on my knees ..., simply peering over the top of the car.” While Young heard a series of gunshots from within and around the residence after the canister was fired, he did not know whether Louis had fired any shots prior to that time. Deputy Soileau testified that after the canister was fired, he heard popping sounds which he presumed to be Molotov Coctails, as he had been informed Louis had some in the residence. The flames rose much higher after he heard the sounds.
Louis Soileau testified the tear gas canister ignited the curtains and the fire quickly spread throughout the house. Louis claimed he did not fire a shot until the curtains caught fire, and then only once. He said he did not bring any Molotov Coc-tails into the residence; the gasoline can remained outside on the window air-conditioner and he did not start the fire. On cross-examination, he revealed he had been charged with arson and attempted murder as a result of the incident; he had several prior arrests and convictions; he had a history of mental problems, and was a drug addict. He also said he was under the combined influence of alcohol and narcotics on the night of the incident. Further, he told the police he would not voluntarily leave the house and left only because it was on fire.
Mrs. Soileau and Rita and Robert Ortego described Louis as “crazy” and “danger *480 ous” on the night of the incident. They testified that after a two hour standoff, gunfire was exchanged.[5] None testified as to the origin of the fire, although all three stated the gasoline can remained outside on the window air-conditioning unit and that there was no gasoline in the Soileau residence.
Given the facts as stated, we cannot say the trial judge was “clearly wrong” in finding the plaintiff failed to prove his case by a preponderance of the evidence and, hence, granting the motion to dismiss.
With respect to the second issue, i.e., the defendant failed to state the specific grounds on which the motion was based, plaintiff properly points out that under C.C.P. art. 1810 (in the jury trial section of the Code of Civil Procedure) the failure to state specific grounds for a directed verdict is sufficient reason to deny the motion. However, the article has no application here. Although referred to as a motion for a directed verdict, since this was a bench trial rather than a jury trial, the motion is properly designated as a motion for dismissal filed pursuant to C.C.P. art. 1672(B) as amended. This article does not require specific grounds for the dismissal. Rather, the motion may be made “on the ground that under the facts and law, the plaintiff has shown no right to relief.” Hence, the argument has no merit.
For the reasons stated, therefore, we affirm the trial court’s judgment. Costs are to be borne by the appellant.
AFFIRMED.

. Rita Ortego testified she saw Louis fill "about three” bottles. Her husband, Robert Ortego, testified that Louis filled two bottles.

. The effective date of the amendment is August 30, 1983. The instant suit was filed on June 25, 1984. The Revision Comment to art. 1672 stated "Paragraph B of former Art. 1810 did not belong in the section dealing with jury trials and was transferred to Art. 1672 by Acts of 1983 No. 534.”

. No one contends the doctrine is applicable here.

. How then could he state that as soon as Officer Pitre shot the canister the curtains caught fire?

. Rita testified that she could see Louis standing in the doorway smoking a cigarette. (Vol: I, R. p. 138)