JiLUCIEN C. BERTRAND, Jr., Judge Pro Tem.
Premier Bank, National Association, filed suit against H.A.G. Partnership, Jerry Griffith, Carroll Alleman, and James Hunt as debtors on a promissory note. At the close of the Bank’s case, the defendants were granted a judgment of dismissal. The Bank has appealed and we reverse and remand for further proceedings.
FACTS
In the 1980’s, the individual defendants, Griffith, Alleman, and Hunt, borrowed various sums of money from Guaranty Bank, the predecessor of Premier Bank. The money was used to purchase oilfield equipment for resale. In 1985, the defendants 12intended to form a partnership and requested that their loans be consolidated with the name of H.A.G. Partnership as the principal debtor. Because the partnership documents were not available at the time the note evidencing the consolidated loan was executed, Griffith, Alle-man, and Hunt signed the note in their individual capacities. It was later discovered that the partnership was never actually formed, and the Bank sought recovery from the three defendants in solido, in accordance with the terms of the note.
The 1985 note was renewed several times in varying principal amounts. The debt was secured by a collateral chattel mortgage, executed on March 28, 1985, on the oilfield equipment purchased by the partnership. The note which forms the basis of this suit was a renewal dated February 4,1988, in the amount of $52,882.48. This note was introduced into evidence, and the three individual defendants verified their signatures on the note.
Initially, the defendants denied liability on the debt based on an alleged failure of consideration. However, the trial judge ruled against them on this issue and specifically found that the debt was supported by valid consideration. This issue has not been raised on appeal and we do not address it.
The trial judge dismissed Premier Bank’s suit because it found that the Bank failed to meet its burden of proving the exact amount of the debt owed. The Bank presented the note as evidence of the debt owed; the Bank’s representative then proceeded to prove that certain payments had been made by the defendants and were credited against the debt, thereby reducing the principal amount owed.
In finding the Bank failed to meet its burden of proof, the trial judge referred to the Bank’s failure to submit complete records of the defendants’ loan history, testimony that was inconsistent with discovery responses, payments that may not 13have been properly credited, and a mistake in the amount prayed for in the lawsuit. The trial judge also noted a discrepancy in the amount of interest due and pointed out that the Bank’s witness was unfamiliar with some of the computer codes contained on the Bank’s documentary evidence.
LEGAL ANALYSIS
La.C.C.P. Art. 1672(B) provides that in a nonjury case, after the plaintiff has completed the presentation of his evidence, a party may move for dismissal of the action on the ground that the plaintiff has shown no right to relief. This court has held that the duty of the trial judge in ruling on a motion for judgment of dismissal is to weigh and evaluate all of the evidence presented up to that point; the court must grant the motion if the plaintiff has not established proof of his claim by a preponderance of the evidence. Soileau v. Audubon Ins. Co., 489 So.2d 476 (La.App. 3rd Cir.1986). See also Citizens Bank & Trust v. Consol. Terminal, 460 So.2d 663 (La.App. 1st Cir.1984).
Concerning specifically the law of negotiable instruments, La.R.S. 10:3 — 308(b) provides:
If the validity of signatures is admitted or proved and there is compliance with *639 Subsection (a), a plaintiff producing the instrument is entitled to payment if the plaintiff proves entitlement to enforce the instrument under R.S. 10:3 — 301, unless the defendant proves a defense or claim in recoupment. If a defense or claim in re-coupment is proved, the right to payment of the plaintiff is subject to the defense or claim, except to the extent the plaintiff proves that the plaintiff has rights of a holder in due course which are not subject to the defense or claim.
This statutory pronouncement is well established in Louisiana jurisprudence. In Premier Bank, Nat. Ass’n v. Percomex, 615 So.2d 41 (La.App. 3rd Cir.1993), we stated:
Once the plaintiff, the holder of a promissory note, proves the maker’s signature, or the maker admits it, the holder has made out his ease by mere production of the note and is entitled to recover in the absence of Lany further evidence.
615 So.2d at p. 43. Likewise, in the Citizens Bank case cited above, the court held that “it is sufficient for the plaintiff to produce the notes sued upon to make out his case.” 460 So.2d at p. 672.
The plaintiffs burden of proof is straightforward. If he produces the note sued upon, then he has proved entitlement to the amount evidenced by the note. The defendant must then affirmatively show that the debt has been diminished or extinguished or is otherwise unenforceable. In Pierce v. Thompson, 468 So.2d 1379 (La.App. 1st Cir.1985), the court explained this shifting burden of proof as follows:
Moreover, we fail to understand the trial court’s distinction between proof of the existence of the debt and proof of the amount of the debt. The amount of the debt was the face amount of the notes. Plaintiff does not have the burden of proving nonpayment. Payment is an affirmative defense which must be pleaded and proved by the defendant.
468 So.2d at p. 1381.
As was done in this case, the plaintiff may assist the defendant in his burden of proof by submitting evidence that the defendant is entitled to certain credits on the debt evidenced by the promissory note. See State v. New Orleans Auto Title Co. Inc., 519 So.2d 810 (La.App. 1st Cir.1987), writ denied, 523 So.2d 1321 (La.1988). When the plaintiff chooses to submit such evidence, then, at the close of his case, he has submitted proof of a debt in an amount less than that evidenced by the note.
In the instant case, Premier Bank presented the testimony of a former employee who testified as to the defendants’ loans. The Bank also presented the testimony of the three individual defendants who acknowledged the existence of the promissory note at issue and their signatures on it. The Bank, with this evidence, presented a prima facie case.
After meeting this threshold requirement, the Bank then submitted evidence | ¡¡concerning the loan history and various payments made from time to time. This testimony was supported by certain documentary evidence including the loan history card which consisted of a computer printout of the payment history, part of the business records kept by the Bank and properly admitted into evidence under La.C.E. Art. 803(6). This evidence established that as of February 22, 1991, the principal amount of the debt owed was $46,703.03, and that no payment had been made since November 16, 1990.
In reviewing the judgment of dismissal rendered by the trial judge, we address the question of whether the Bank has established proof of its claim by a preponderance of the evidence. Given the evidence in the record, including the testimony of the defendants in admitting their signatures, the testimony of the Bank’s representative, and the documentary evidence submitted by the Bank, we find the Bank submitted sufficient proof of a debt of $46,703.03, plus interest and attorney’s fees in accordance with the terms of the note.
In reaching this conclusion, we find error in both the burden of proof requirement placed on the Bank by the trial judge and in his factual findings.
First, concerning the burden of proof, the Bank was required to prove that a *640 debt was owed. The amount of the debt was included on the face of the note properly submitted into evidence. The Bank admitted in its case that certain credits were due the defendants. The defendants’ attempt to prove in cross-examination that other credits were due in addition to those proved by the Bank was insufficient to diminish or rebut the Bank’s proof. Concerning a $10,000.00 payment allegedly not properly credited, Mr. Hunt stated in his testimony that the payment was credited to Mr. Alleman’s debt prior to loan consolidation. As far as other payments are concerned, the defendants have the burden of proving those payments, with valid and sufficient ^evidence, in the presentation of their case.
We address now the remaining factual findings of the trial judge. It is true that the Bank did not submit evidence concerning the defendants’ financial transactions prior to 1985 or subsequent to 1992. Such evidence, however, is not essential for the Bank to prove its case; the Bank submitted evidence of a 1988 promissory note and payments made thereon. The defendants will have the opportunity to present evidence of other payments, if in fact other payments were made. Likewise, the numerical mistakes made by the Bank’s counsel in preparing the petition, and by the Bank’s representative in answering certain interrogatories, did not defeat the Bank’s claim. The mistakes, apparently due to both inattention and the failure to promptly gather records, were eventually corrected. Although we do not condone such conduct, we cannot say that these discrepancies invalidated the Bank’s right to recover on a negotiable instrument.
Finally, the failure of the Bank’s representative to conclusively state the amount of interest owed on the debt and his lack of knowledge of certain computer codes contained on the documentary evidence submitted by the Bank are immaterial. We point out that interest is to be calculated in accordance with the terms of the note if the Bank is ultimately successful in this lawsuit.
Finding that the Bank has shown its right to relief by a preponderance of the evidence, we must remand for the presentation of the defendants’ ease.
DECREE
For the foregoing reasons, the judgment of the trial court is reversed and this matter is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.