11 JONES, Judge.
Plaintiff appeals the trial court’s judgment in favor of defendants dismissing plaintiffs’ suit for collection on a bad check with prejudice. We affirm the trial court’s judgment.
Plaintiff filed suit for collection on a check issued on defendants’ account in the amount of $9,580.00. Plaintiff alleged that when he attempted to cash the check he was informed that the account the check was written on had been closed. Defendant answered plaintiffs petition alleging no consideration. Plaintiff filed a motion for summary judgment that was scheduled for hearing on November 8, 1993. On November 9, 1993 the court rendered judgment in favor of plaintiff when defendant failed to appear at the November 8th hearing.
Defendant filed a motion for rehearing which was granted. This Court denied plaintiffs writ finding that defendant’s motion for new trial was timely. Ebrahimpour v. Bozorg, Sr. et al, 94-C-0302 (La.App. 4th Cir. 4/26/94). The Supreme Court also denied writs. Ebrahimpour v. Bozorg, Sr. et al., 94-1344 (La. 9/16/94) 642 So.2d 194. The matter was heard on its merits wherein plaintiff and |2Seri Rawashdeh, a former employee of defendants, who had allegedly been fired for misconduct, testified. Defendants testified and alleged that “Max”, a family member and former employee of defendants, who had also been fired for misconduct, was responsible for misappropriating the cheek which had been left in blank for him to pay regular business expenses. Judgment was rendered in favor of defendants. Plaintiff appeals from this judgment.
By his first assignment of error, plaintiff argues that the trial court erred in failing to presume that the check was issued for consideration. This matter is controlled by the law of negotiable instruments provided in La.R.S. 10:3-301 et seq. These provisions were amended effective January 1,1994 but were not materially changed from the text that existed at the time of the transaction. La.R.S. 10:3-307, as well as case law, establish that once a holder of a negotiable instrument proves the maker’s signature, or the maker admits it, the holder has made out his ease by production of the note and is *436 entitled to recover in the absence of any farther evidence. See: Premier Bank, Nat. Ass’n v. H.A.G. Partnership 94-686 (La.App. 3 Cir. 12/7/94); 647 So.2d 636.
In the instant case, Michael Bozorg, Jr. testified that at the time plaintiff allegedly received the check, he was overseeing his father’s business. Consistent with his father’s practice, he left blank, signed checks at the cash register to pay vendors for items that were periodically delivered to the store. He farther testified that this practice ceased when he discovered that checks were misappropriated. It was his position that “Max”, who was a close personal friend of plaintiffs, completed the check contrary to what was authorized.
Under La.R.S. 10:3-407, plaintiff can only enforce an instrument which was completed contrary to the maker’s authorization if he is a holder in due course. Defendants argue that the check was not issued for value, therefore plaintiff cannot be a holder in due course. According to La. R.S. 10:3-302, a Igholder in due course is a holder who takes an instrument for value, in good faith and without notice that it is overdue or has been dishonored or any defense against or claim to it on the part of any person. The only evidence to support plaintiffs allegation that the check represented a loan of $9500.00 and $80.00 worth of chicken wings was the plaintiffs testimony himself and the testimony of Mr. Rawashdeh, a witness defendants alleged to be biased because they fired him for misconduct. The trial court found that plaintiffs evidence was not credible and ruled in favor of defendants. While we may not agree with the findings of fact of the trial court, the Louisiana Supreme Court has said that the factual findings of the trial court are to be given vast deference and will not be disturbed on appeal absent manifest or clear error. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
By his second assignment of error, plaintiff argues that the trial court erred in failing to shift the burden of proving no consideration to defendant once defendant’s signature was proven. La.R.S. 10:3-307(3) provides:
After it is shown that a defense exists a person claiming the rights of a holder in a (sic) due course has the burden of establishing that he or some person under whom he claims is in all respects a holder in due course.
We interpret this provision to mean that plaintiff bears the burden of proving the elements of a holder in due course. Therefore, the trial court did not err in failing to shift the burden to defendant.
By his third assignment of error, plaintiff argues that the trial court erred in failing to find that plaintiff established consideration by a preponderance of the evidence. The issues presented involved a determination of credibility which the trial court resolved in favor of defendants. No other evidence was offered by plaintiff to prove his case, nor was rebuttal testimony offered contesting the |4discharge of Mr. Rawashdeh or “Max” for cause. We find no abuse of discretion by the fact-finder. Therefore, the trial court’s judgment is affirmed.

AFFIRMED.