CARTER, C.J.
|2In this 'writ application, the mother of two minor children and their adoptive father challenge the family court’s denial of a peremptory exception raising the objection of no right of action as to the maternal grandparents’ petition for visitation with the children. For the reasons that follow, we grant the writ application, reverse the judgment of the family court, and render judgment sustaining the objection of no right of action and dismissing the maternal grandparents’ petition.
FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY
It is alleged in the pleadings of record that Lauren Marino Francis Kay and Jeffery Scott Francis were married in March 1999. During the marriage, Mr. Francis adopted Lauren’s son from a prior relationship and the two had a daughter born of the marriage. The marriage ended in divorce by judgment signed March 30, 2009, with Lauren and Mr. Francis being awarded joint custody of the children. On May 9, 2009, Lauren married Shiraz K. Kay.
On August 11, 2010, Lauren’s parents, Lawrence and Paulette Marino, filed a petition to establish grandparents’ visitation rights in the ongoing custody proceeding between Lauren and Mr. Francis. After the Marinos’ petition was filed, but before Lauren was served, Mr. Francis’s parental rights were terminated by judgment of the Juvenile Court of East Baton Rouge Parish, and the children were adopted by Lauren’s new husband, Shiraz. Thereafter, Lauren excepted to the petition for grandparent visitation on the bases of no cause of action and no right of action.[1] The family court denied the exceptions.
Lauren and Shiraz Kay (“the parents”) filed the present application for supervisory writs, seeking review of the family court’s denial of the peremptory [.^exception raising the objection of no right of action. We granted a writ of certiorari and now exercise our supervisory jurisdiction to consider the correctness of the family court’s decision.
DISCUSSION
Generally, an action can only be brought by a person having a real and actual interest that he asserts. La.Code Civ. Proc. Ann. art. 681. The function of a peremptory exception raising the objection of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. Reese v. State, Dept. of Public Safety & Corrections, 03-1615 (La.2/20/04), 866 So.2d 244, 246. The exception assumes that the petition states a valid cause of action for some person and tests whether the plaintiff has an interest in judicially enforcing the right asserted. Louisiana State Bar Ass’n v. Carr and Associates, Inc., 08-2114 (La.App. 1 Cir. 5/8/09), 15 So.3d 158, 165, writ denied, 09-1627 (La.10/30/09), 21 So.3d 292.
In this case, the Marinos seek visitation rights under Louisiana Civil Code article 136. Article 136 provides that under extraordinary circumstances, relatives by blood or affinity not granted custody of the children may be granted reasonable visitation rights when the court determines it to be in the children’s best interests. The parents contend, however, that be *1094 cause the children have been adopted by Shiraz, the exclusive legal authority for grandparent visitation with these children is Louisiana Children’s Code articles 1256 and 1264, which provide grandparents limited visitation rights to adopted children. It is undisputed that the Marinos do not fall within the class of persons to whom the Children’s Code articles grant a cause of action for grandparent visitation. Thus, if the parents’ assertion is correct that the Children’s Code articles govern this matter, the objection of no right of action must be sustained and the Marinos’ petition dismissed.
| Children’s Code article 1256 addresses the effect of a final adoption decree, stating:
A. Except as otherwise provided by Paragraph C of this Article, upon a final decree of adoption, the parents of the child whose rights have not been previously terminated by a surrender or a judgment of termination and all other blood relatives of the adopted child are relieved of all their legal duties and divested of all their legal rights with regard to the adopted child including the right of inheritance from the adopted child and his lawful descendents, and the adopted child and his lawful descendents are relieved of all legal duties and divested of all legal rights with regard to the parents and other blood relatives.
B. The right of the child to inherit from his parents and other blood relatives is unaffected by the adoption.
C. If the adoptive parent is married to a blood parent of the adopted child, the relationship of that blood parent and his blood relatives to the adopted child shall remain unaltered and unaffected by the adoption.
D.Under the circumstances and pursuant to the procedures authorized by Chapter 14 of this Title, grandparents may obtain limited visitation rights to the adopted child.
(Emphasis added.)
Here, the adoptive parent is married to the children’s mother, a blood parent of the adopted children. Article 1256 specifically provides that the relationship of the blood relatives to the adopted children remains unaltered and unaffected by the adoption. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of legislative intent. In re Clegg, 10-0323 (La.7/6/10), 41 So.3d 1141,1154. The family court correctly recognized that the clear and unambiguous language of Article 1256 does not foreclose any rights to visitation that grandparents may have pursuant to other authority, such as Civil Code article 136. Cf. McMillin v. McMillin, 08-502 (La.App. 3 Cir. 3/25/09), 6 So.3d 414, 418 (wherein the court was presented with a different factual situation than is evidenced here, but noted “[tjhough this court is well aware of the legal effects of an adoption, a subsequent adoption neither nullifies nor negates the |,^provisions of [Civil Code article] 136(B), which is the last legislative pronouncement addressed to that issue”). Thus, the parents’ argument that the Mar-inos’ petition must be dismissed because they do not have a right of action under Article 1256 is without merit.
The parents further contend the trial court erred in its determination that the Marinos have a right of action under Article 136, which pertinently provides:[2]
*1095 A. A parent not granted custody or joint custody of a child is entitled to reasonable visitation rights unless the court finds, after a hearing, that visitation would not be in the best interest of the child.
B. Under extraordinary circumstances, a relative, by blood or affinity, or a former stepparent or stepgrandparent, not granted custody of the child may be granted reasonable visitation rights if the court finds that it is in the best interest of the child. In determining the best interest of the child, the court shall consider:
(1) The length and quality of the prior relationship between the child and the relative.
(2) Whether the child is in need of guidance, enlightenment, or tutelage which can best be provided by the relative.
(3) The preference of the child if he is determined to be of sufficient maturity to express a preference.
(4) The willingness of the relative to encourage a close relationship between the child and his parent or parents.
(5) The mental and physical health of the child and the relative.
C. In accordance with Paragraph B of this Article, extraordinary circumstances may include when a parent is addicted to a controlled dangerous substance.
Article 186 appears in the section of the Civil Code on child custody.[3] Articles 181 through 137 comprise the entirety of the section on child custody. |„Laws on the same subject matter must be interpreted in reference to each other. La. Civ.Code Ann. art. 13. In accordance with this precept, we note that Article 131, the first article in the section, states the general principle that in a proceeding for divorce or thereafter, the court shall award custody of a child in accordance with the best interest of the child. Article 132 sets forth the standard of awarding custody to the parents. If it is determined that custody should not be awarded to either parent, Article 133 provides for the award of custody to a person other than a parent. Accordingly, in such a custody dispute, one nonparent is granted custody of the child and another nonparent is “not granted custody” of the child. Article 136B provides that certain categories of nonparents “not granted custody” of the child may be granted reasonable visitation rights.
 It is presumed that every word, sentence, or provision in a law is intended to serve some useful purpose, that some effect is given to each such provision, and that no unnecessary words or provisions were employed. McGlothlin v. Christus St. Patrick Hospital, 10-2775 (La.7/1/11), 65 So.3d 1218, 1227-28. The judiciary is bound, if possible, to give effect to all parts of legislation and to construe no part thereof meaningless and surplusage if a construction giving force to and preserving all words can legitimately be found. Id.
The possible award of visitation rights afforded by Article 136B is limited to a nonparent person not granted custody of the child. This qualifying language presupposes a custody dispute pursuant to *1096 Article 133, in which one nonparent person was granted custody and one nonparent person was not granted custody. Any other construction would render the phrase “not granted custody” meaningless, because it would exclude only those persons who have been granted |7custody, and those persons’ custodial rights encompass visitation. Cf. Cedotal v. Cedotal, 05-1524 (La.App. 1 Cir. 11/4/05), 927 So.2d 433, 436.
In this case, the mother and adoptive father are the custodial parents. There has been no custody dispute in which the family court determined that the parents should not be awarded custody and custody was awarded to a nonparent pursuant to Article 133. Absent such, the Marinos do not meet the requirement of having not been granted custody of the children, and therefore do not belong to the class of persons to whom Article 136B grants the right of action for visitation. This construction is consistent with the United States Supreme Court’s pronouncements regarding a fit parent’s constitutionally protected fundamental right of privacy in child rearing, as well as the established legal principle that any rights of a nonpar-ent are ancillary to that of a fit parent. See Troxel v. Granville, 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000); Wood v. Wood, 02-0860 (La.App. 1 Cir. 9/27/02), 835 So.2d 568, 574, writ denied, 02-2514 (La.3/28/03), 840 So.2d 565.
CONCLUSION
For the foregoing reasons, the application for supervisory writs is granted and the judgment of the family court denying the peremptory exception raising the objection of no right of action is reversed. Judgment is rendered sustaining the peremptory exception raising the objection of no right of action and dismissing the Mari-nos’ petition to establish grandparents’ visitation rights.
WRIT GRANTED; JUDGMENT REVERSED AND RENDERED.
HIGGINBOTHAM, J., concurs.

. Lauren also objected on the basis of non-joinder of an indispensable party, because the adoptive father was not a party to the proceedings. The family court dismissed that exception as moot since the adoptive father was added as a party by the grandparents' amended petition.

. Paragraph D of Article 136 provides that in the event of a conflict between Article 136 and Louisiana Revised Statutes 9:344 or 345, the provisions of the statute shall supersede those of Article 136. Section 344 pertains to grandparent visitation rights in those sitúa- *1095 tions where a parent has died, is interdicted, or is incarcerated. It is undisputed that Section 344 does not govern the grandparents' petition for visitation in the instant matter as the facts do not involve a parent who is deceased, interdicted, or incarcerated. Section 345 pertains to appointment of an attorney to represent the child and is not relevant here.
Thus, under the facts alleged herein, there is no conflict between Article 136 and Sections 344 or 345.

. Article 136 appears in the Louisiana Civil Code in Book I, "Of Persons,” Title V, "Divorce,” Chapter 2, "Provisional and Incidental Proceedings,” Section 3, “Child Custody.”