NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 0214

CONSUMER SOLUTIONS, LLC

VERSUS

THEODORE R. THOMPSON

Judgment Rendered:    **SEP 0 2 2020**

\* \* \* \* \* \* \*

APPEALED FROM THE SIXTEENTH JUDICIAL DISTRICT COURT
IN AND FOR THE PARISH OF ST. MARY
STATE OF LOUISIANA
DOCKET NUMBER 124496

HONORABLE GREGORY P. AUCOIN, JUDGE

\* \* \* \* \* \* \*

Jason R. Smith
Monroe, Louisiana

Attorneys for Plaintiff/Appellant,
GMAT Legal Title Trust 2014-1,
U.S. Bank National Association,
As Legal Title Trustee

Marc R. Michaud
New Orleans, Louisiana

Attorney for Defendant/Appellee
Lashanda Kemp Knight, Independent
Testamentary Executrix of the
Succession of Theodore R.
Thompson, Jr.

**BEFORE:  McDONALD, THERIOT, and CHUTZ, JJ.**

**McDonald, J.**

This is an appeal from a judgment dismissing a suit to foreclose on a promissory note secured by a mortgage. After review, we affirm.

## FACTS AND PROCEDURAL HISTORY

On March 21, 2012, Consumer Solutions, LLC filed a petition to enforce a security interest by ordinary process, naming Theodore R. Thompson as the defendant. Consumer Solutions, LLC maintained that it was entitled to enforce a note executed by Mr. Thompson on November 1, 2005, in the original principal sum of $81,520.00, bearing interest from that date, and payable in monthly installments. Consumer Solutions, LLC maintained that Mr. Thompson had defaulted on the note by failing to pay the July 1, 2009 installment payment and all successive monthly installment payments thereafter. Consumer Solutions, LLC maintained that Mr. Thompson owed it a principal amount of $78,851.64, with interest at 8.5 percent per annum from June 1, 2009, until paid, along with expenses and attorney fees.

The note and an accompanying mortgage were executed by Mr. Thompson in favor of Ocwen Loan Servicing, LLC. The promissory note had an adjustable interest rate of 7.1 percent. The mortgage was on property located at 119 Sun Road, in Morgan City, Louisiana.

Consumer Solutions, LLC maintained that Mr. Thompson was deceased, his heirs were unknown, no succession representative had been appointed, and the heirs and legatees had not been sent into possession. It asked that an attorney be appointed to represent Mr. Thompson. It attached copies of the note, two undated note allonges, two lost note affidavits, and the mortgage.

The trial court appointed an attorney to represent the succession, and the attorney thereafter answered the petition, generally denying the allegations.

2

Consumer Solutions, LLC filed a supplemental and amended petition on July 23, 2012, asserting that Mr. Thompson's succession had been opened and that Lashanda Kemp Knight had been appointed as the independent testamentary executrix. It substituted Ms. Knight, as the independent testamentary executrix for the succession, as defendant in the suit.

Ms. Knight filed an answer to the petition on behalf of the succession. She generally denied the allegations, asserted that no valid assignment had been made to Consumer Solutions, LLC, and that it had no right to foreclose on the property as it was not a holder in due course. She also asserted numerous affirmative defenses. She asked that the petition be dismissed with prejudice, and that the court find Consumer Solutions, LLC's security void, cancel the mortgage of record, quiet title to the property, and award the succession damages and costs.

Consumer Solutions, LLC filed a motion for summary judgment on April 4, 2013, and attached numerous documents. Consumer Solutions prayed for summary judgment in its favor and against Ms. Kemp, as independent testamentary executrix of the succession, in rem.

Ms. Knight filed declinatory and dilatory exceptions, asserting that the petition and motion did not comply with the Louisiana Code of Civil Procedure and the local rules, and asserting that the action should be dismissed. She also filed a peremptory exception of no right of action, asserting there was a broken chain of assignments of the note and the mortgage, and that Consumer Solutions, LLC had no right to enforce the note or the mortgage. She again asked that the action be dismissed.

Ms. Knight filed an opposition to the motion for summary judgment, again raising her affirmative defenses, and reiterating that Consumer Solutions, LLC was not the owner, holder, or proper party to enforce the terms of the note and

3

mortgage and that it failed to follow the legal requirements for the transfer of a negotiable instrument. Ms. Knight attached numerous exhibits to her memorandum in opposition to the motion for summary judgment.

Consumer Solutions, LLC filed an opposition to the exception of no right of action, asserting it was the owner of the note and mortgage and was entitled to enforce the note despite the fact that the note was lost. Alternatively, Consumer Solutions maintained that the note and mortgage were enforceable as conventional obligations, that Ms. Knight had acknowledged the debt and was estopped from asserting that Consumer Solutions, LLC had no right to enforce the debt, and that the exception should be deferred to trial. Consumer Solutions, LLC attached a copy of an October 9, 2007, Non-Performing Asset Purchase Agreement between itself and Nomura Credit & Capital, Inc., whereby Consumer Solutions, LLC purchased the mortgage from Nomura Credit & Capital, Inc.

Consumer Solutions, LLC supplemented the record on August 7, 2014, adding the original promissory note as an exhibit.[1]

On March 17, 2015, Consumer Services, LLC filed a motion to substitute as plaintiff GMAT Legal Title Trust 2014-1, U.S. Bank National Association, As Legal Title Trustee (GMAT), as its rights to the note and mortgage had been transferred to GMAT. GMAT was thereafter substituted as plaintiff.

The case proceeded to a trial on the merits of the petition to enforce the note and mortgage on May 23, 2018.[2] Afterward, the trial court ruled in favor of Ms. Knight, as independent testamentary executrix of the succession, and against GMAT, dismissing the suit "with prejudice for failure to establish its right to

---

[1] The original note had been filed into the suit record in a previous suit to enforce the note and mortgage filed by Consumer Solutions, REO, LLC. In that case, Ms. Knight filed for Chapter 13 bankruptcy protection. That suit was dismissed, and the note was then filed into the suit record in this case.

[2] The record does not contain a ruling on the motion for summary judgment.

4

foreclosure on the mortgage[.]" GMAT filed a motion for new trial, which was denied. GMAT appealed the judgment dismissing the suit.

On appeal, GMAT asserts that the trial court erred in: 1) concluding that GMAT failed to establish standing; 2) failing to find that GMAT possessed the original note; 3) requiring GMAT to prove it sent notice of default; 4) failing to find that GMAT sent notice of default; 5) requiring GMAT to prove it sent notice of assignment; 6) holding that Ms. Knight did not have actual notice pursuant to La. C.C. art. 2643; 7) entering judgment in favor of Ms. Knight; and, 8) entering the judgment with prejudice.

## DISCUSSION

In its first assignment of error, GMAT asserts that the trial court erred in finding that it did not establish standing.

The applicable law is set out by this court in **JP Morgan Chase Bank, N.A. v. Boohaker**, 2014-0594 (La. App. 1 Cir. 11/20/14), 168 So.3d 421, as follows:

> An action can only be brought by a person having a real and actual interest that he asserts. La.Code Civ. Pro. art. 681. The function of an exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. **Reese v. State, Department of Public Safety and Corrections**, 03-1615 (La.2/20/04), 866 So.2d 244, 246. The exception assumes that the petition states a valid cause of action for some person and tests whether the plaintiff has an interest in judicially enforcing the right asserted. **Francis v. Francis**, 11-2116 (La.App. 1 Cir. 6/13/12), 97 So.3d 1091, 1093, *writ denied*, 12-1635 (La.7/24/12), 93 So.3d 582. The question is simply whether the plaintiff has a right to sue the defendant. **Niemann v. Crosby Development Company, L.L.C**, 11-1337 (La.App. 1 Cir. 5/3/12), 92 So.3d 1039, 1046.
>
> The party raising the exception of no right of action bears the burden of proof. **OXY USA Inc. v. Quintana Production Company**, 11-0047 (La.App. 1 Cir. 10/19/11), 79 So.3d 366, 376, *writ denied*, 12-0024 (La.3/2/12), 84 So.3d 536. Evidence supporting or controverting an exception of no right of action is admissible; however, in the absence of evidence to the contrary, the averments of fact in the pleadings will be taken as true. *See* **Niemann**, 92 So.3d at 1046; **Horrell v. Horrell**, 99-1093 (La.App. 1 Cir. 10/6/00), 808 So.2d 363, 368, *writ denied*, 01-2546 (La.12/7/01), 803 So.2d 971.

Whether a plaintiff has a right of action is a question of law and is reviewed *de novo* on appeal. **Eagle Pipe and Supply, Inc. v. Amerada Hess Corporation**, 10-2267 (La.10/25/11), 79 So.3d 246, 256.

In a suit on a promissory note, the payee who produces the note sued upon makes out a *prima facie* case of its claim to enforce the note. *See* **Northshore Insurance Agency, Inc. v. Farris**, 634 So.2d 867, 870 (La.App. 1 Cir.1993); *see also* La. R.S. 10:3-308(b); **Premier Bank, National Association v. H.A.G. Partnership**, 94-686 (La.App. 3 Cir. 12/7/94), 647 So.2d 636, 639. However, if the face of the instrument indicates title is in any person other than the possessor of the note, the burden is on the possessor to prove his ownership. Failure to prove a valid transfer results in a loss of the right to sue on the note. **Hollis v. Norton**, 586 So.2d 656, 657 (La.App. 5 Cir.1991); *see also* **Preferred Investment Corporation v. Denson**, 251 So.2d 455, 457 (La.App. 1 Cir.1971); **Vidrine v. Carmouche**, 422 So.2d 1327, 1329 (La.App. 3 Cir.1982); **N.E. England Associates, Inc. v. Davis**, 333 So.2d 696, 697-98 (La.App. 4 Cir.1976).

Consistent with this jurisprudence, Louisiana Revised Statute 10:3-301 provides, in pertinent part, that a "[p]erson entitled to enforce" an instrument includes "a nonholder in possession of the instrument who has the rights of a holder." Although Section 3-301 does not specify how a nonholder in possession of the instrument can obtain the rights of a holder, the Uniform Commercial Code Comment for the provision explains that such rights can be acquired by "subrogation or under Section 3-203(a)." The comment further provides that a nonholder with the rights of a holder includes "any other person who under applicable law is a successor to the holder or otherwise acquires the holder's rights." La. R.S. 10:3-301, Uniform Commercial Code Comment.

Section 3-203, referenced in the Comment to Section 3-301, addresses the "transfer" of an instrument and provides that an "instrument is transferred when it is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument." La. R.S. 10:3-203(a). Transfer of an instrument, whether or not the transfer is a negotiation, "vests in the transferee any right of the transferor to enforce the instrument[.]" La. R.S. 10:3-203(b). As further explained by Uniform Commercial Code Comment 2 for Section 3-203:

> Because the transferee is not a holder, there is no presumption under Section 3-308 that the transferee, by producing the instrument, is entitled to payment. The instrument, by its terms, is not payable to the transferee and the transferee must account for possession of the unindorsed instrument by proving the transaction through which the transferee acquired it. Proof of a transfer to the transferee by a holder is proof that the transferee

has acquired the rights of a holder. At that point the transferee is entitled to the presumption under Section 3-308.

**JP Morgan Chase Bank, N.A.**, 168 So.3d at 425-427.

GMAT maintains that it, or its predecessor in title, produced the original note and that alone established its right to assert its claim against Ms. Knight. GMAT maintains that any issues regarding allonges, endorsements, or assignments are irrelevant.

Ms. Knight maintains that GMAT did not have authority to enforce the note because, among other reasons, there is no record evidence of a transfer or assignment of the note from Consumer Solutions, REO, LLC, to any subsequent entity.

GMAT entered into evidence at the trial the following: the original promissory note and two undated allonges, one from Ocwen Loan Servicing, LLC to Funding America Mortgage Warehouse Trust and one from Funding America Mortgage Warehouse Trust to blank; a certified true copy of the mortgage; a certified true copy of an assignment of the mortgage from Consumer Solutions, LLC to GRA Legal Title Trust II 2013-1, U.S. Bank National Association, As Legal Title Trustee (GRA), dated November 14, 2013; a certified true copy of an assignment of the mortgage from GRA to GMAT, dated May 1, 2014; and an itemized loan history. GMAT also entered into evidence: Ms. Knight's answers to written discovery requests and accompanying documents, which included a checklist from Rushmore Loan Management Services for a loan modification and accompanying documents from Ms. Knight; a copy of the November 14, 2013 assignment of mortgage from Consumer Solutions, LLC to GRA; a copy of the May 1, 2014 assignment of mortgage from GRA to GMAT; a copy of the undated note allonge from Ocwen Loan Servicing, LLC to Funding America Mortgage Warehouse Trust; an October 2, 2007 lost note affidavit by Nomura Credit &

7

Capital, Inc.; a January 25, 2008 lost note affidavit from Nomura Credit & Capital, Inc; an undated allonge from Ocwen Loan Servicing, LLC to blank; an undated allonge from Mortgage Electronic Registration Systems, Inc. (MERS) to Funding America Warehouse Trust; an undated allonge to the note from MERS to blank; an undated allonge from Funding America Mortgage Warehouse Trust to blank; an assignment of the mortgage from Funding America Mortgage Warehouse Trust to Consumer Solutions, LLC, dated January 24, 2006; and an assignment of the mortgage from MERS, as nominee for Ocwen Loan Servicing, LLC, to Consumer Solutions, LLC, dated September 22, 2012.

Ms. Knight entered into evidence the following exhibits: GMAT's first set of responses to interrogatories and request for document production; the lost note affidavit from Nomura Credit & Capital, Inc., dated October 2, 2007; a lost note affidavit from Nomura Credit & Capital, Inc., dated January 25, 2008; a document transferring the note from MERS to Consumer Solutions, REO, LLC, dated July 29, 2008; the assignment of mortgage from MERS to Homevest Capital, LLC, dated August 21, 2008; and an assignment of mortgage from MERS, as nominee for Ocwen Loan Servicing, Inc., to Consumer Solutions, LLC, dated September 22, 2012.

As noted by the trial court in its reasons for judgment, the chain of title is broken. The note was transferred by MERS on behalf of Ocwen Loan Servicing, LLC to Consumer Solutions, REO, LLC on July 29, 2008. There is no evidence of a transfer of the note from Consumer Solutions, REO, LLC to Consumer Solutions, LLC. Although GMAT asserts that it only needs to hold the note to collect on the note, the transfer of the note to Consumer Solutions, REO, LLC., on July 29, 2008, limited the right to enforce the note to the named transferee, Consumer Solutions, REO, LLC.

8

We have carefully examined the cases relied upon by GMAT in its argument that mere production of the note establishes possessor's entitlement to enforce the note and we find that those cases are distinguishable from the facts of this case. **U.S. Bank Nat. Ass'n v. Dumas**, 2012-1902 (La. App. 1 Cir. 4/3/14), 144 So.3d 29, writ denied, 2014-0943 (La. 8/25/14), 147 So.3d 1119, (note was made to the order of Homecomings Financial, whose representative endorsed the note on back to Residential Funding Corporation, whose representative in turn endorsed the note on back to U.S. Bank National Association as trustee, the plaintiff in the suit to enforce the note); **Deutsche Bank Trust Co. America v. Ochoa**, 2012-800 (La. App. 5 Cir. 5/23/13), 120 So.3d 735, (promissory note payable to Sebring Capital Corporation, which later assigned the note to Bankers Trust Company, which thereafter became the Deutsche Bank Trust Company. Thus, Deutsche Bank Trust Company had the right to execute on the note); **Bank of New York Mellon v. Smith**, 2011-60 (La. App. 3 Cir. 6/29/11), 71 So.3d 1034, writ denied, 2011-2080 (La. 11/18/11), 75 So.3d 462, (the note was transferred from original payee Saxon Mortgage Services, Inc., which placed the note into a trust, to J.P. Morgan Chase Bank. Thereafter, J.P. Morgan Chase Bank resigned as trustee, and Bank of New York Mellon, successor trustee, sued to enforce the note); **FGB Realty Advisors, Inc. v. Riedlinger**, 95-2276 (La. App. 4 Cir. 4/3/96), 671 So.2d 560, writ denied, 96-1299 (La. 7/1/96), 676 So.2d 101, (the original payee of the note endorsed the note on the back to the plaintiff, FGB Realty Advisors); **Premier Bank, Nat. Ass'n v. H.A.G. Partnership**, 94-686 (La. App. 3 Cir. 12/7/94), 647 So.2d 636, (the original payee on the note, Guaranty Bank, was the predecessor to Premier Bank, and the issue on appeal was whether proper credits were made in the loan history).

After *de novo* review, we find that GMAT, standing in the shoes of Consumer Solutions, LLC, rather than Consumer Solutions REO, LLC, does not

9

have a right of action to enforce the promissory note. Thus, we pretermit discussion of assignments of error numbers two through six.

We find that assignments of error numbers seven and eight, asserting that the trial court erred in entering judgment in favor of Ms. Knight, and erred in entering the judgment with prejudice, have no merit.

## DECREE

For the foregoing reasons, the trial court judgment is affirmed. Costs of this appeal are assessed against GMAT Legal Title Trust 2014-1, U.S. Bank National Association, As Legal Title Trustee.

**AFFIRMED.**